HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY FLAAEN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MCLANE COMPANY, INC. AND PRINCIPAL LIFE INSURANCE COMPANY, INC.<br><br>　　　　　　Defendants. | Case No. 3:15-cv-05899-BHS<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW<br><br>NOTE ON MOTION CALENDAR:<br>July 29, 2016<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW plaintiff, Anthony Flaaen ("Flaaen"), and moves, pursuant to Federal Rule of Civil Procedure 56, for entry of an order ruling Principal Life Insurance Company, Inc.'s ("Principal") denial of his long-term disability ("LTD") insurance benefits will be reviewed *de novo*.

Page 1 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

## I. Introduction

This is an ERISA 29 U.S.C. § 1132(a)(1)(B) action through which Flaaen is seeking judicial review of Principal's denial of his LTD insurance benefits. Principal contends its denial should be reviewed for *abuse of discretion*. Flaaen is asking this court to rule Principal's denial will be reviewed *de novo*.

## II. Summary of Argument

Judicial review of an LTD insurance benefit denial under an ERISA-governed LTD plan is conducted *de novo* unless the applicable LTD plan contains a valid and enforceable discretionary clause. When a plan contains a valid and enforceable discretionary clause, judicial review is for *abuse of discretion*.

In the case at bar, the applicable LTD plan contains a discretionary clause. However, the discretionary clause is invalid and unenforceable as a matter of law. Therefore, judicial review of Principal's denial should be conducted *de novo*.

## III. Standard for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). *However*, the court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

Page 2 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

## IV. Relevant Facts

Flaaen began working for McLane Company, Inc. ("McLane") as a truck driver in Tacoma, Washington on June 12, 1989. At all times material to this action, Flaaen has lived in Tacoma, Washington.

Around January 1, 2006, McLane procured a group LTD insurance plan with Principal ("Plan") to offer as a benefit to its employees. The Plan is attached to the Declaration of Chris Roy as Exhibit "A" and incorporated herein by reference, and the effective date of the Plan is on Exhibit "A", Page 1. The Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The Plan does not contain a choice of law provision, but it does state it was issued in Texas. Declaration of Chris Roy, Exhibit "A", Page 5. The Plan also contains a discretionary clause stating:

> Article 9 – Policy Interpretation
>
> The Principal has complete discretion to construe or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. The decisions of The Principal in such matters shall be as between The Principal and persons covered by this Group Policy, subject to the Claims Procedures in PART IV, Section Q of this Group Policy.

Around January 1, 2016, Flaaen applied to participate in the Plan. Flaaen's application is attached to the Declaration of Chris Roy as Exhibit "B", and incorporated herein by reference, and Flaaen's requested effective date of coverage is on Exhibit "B", Page 1.

Page 3 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

Principal accepted Flaaen's application for coverage under the Plan by issuing and delivering to him the Group Booklet Certificate ("Certificate"). The Certificate is attached to the Declaration of Chris Roy as Exhibit "C", and incorporated herein by reference. The Certificate's terms were not negotiated between McLane and Principle. The Certificate was solely created by Principle and delivered to all employee-members of the Plan, including Flaaen, as the Summary Plan Description ("SPD") of the Plan[1]. The Certificate specifically states multiple times that it is the Plan's SPD. For example, the Certificate reads on several pages:

> *Summary Plan Description* for Purposes of Employee Retirement Income Security Act (ERISA):
>
> This Booklet-Certificate (including any supplement) may be utilized in part in meeting the Summary Plan Description requirements under ERISA for insured teammates (or those listed on the front cover) of the Policyholder who are eligible for Group Long Term Disability insurance.

Declaration of Chris Roy, Exhibit "C", Page 4 (Emphasis added);

> Members rights and benefits are determined by the provisions of the Group Policy. This booklet *briefly describes* those rights and benefits. It outlines what you must do to be insured. It explains how to file claims. It is your certificate while you are insured.

Declaration of Chris Roy, Exhibit "C", Page 5 (Emphasis added);

---

[1] The law requires all ERISA-governed LTD group plans provide a summary plan description to all plan participants. 29 C.F.R. § 2520.102–3.

Page 4 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

> *This summary provides only highlights* of the Group Policy. The entire Group Policy determines all rights, benefits, exclusions and limitations of the insurance described above.

Declaration of Chris Roy, Exhibit "C", Page 8, (Emphasis added);

> … Policyholders may use this Booklet Certificate in part in meeting *Summary Plan Description* requirements under ERISA.

Declaration of Chris Roy, Exhibit "C", Page 38, (Emphasis added);

> …You or your Dependents may have to pay for such coverage. Review this *summary plan description* and the documents governing the plan …

Declaration of Chris Roy, Exhibit "C", Page 36 (Emphasis added).

However, despite the Certificate being a unilaterally prepared, unnegotiated document explicitly stating it was only the SPD of the Plan, Principal inserted a choice of law provision into the document declaring "the insurance provided in this Certificate is subject to the laws of the state of Texas" ("COL Provision"). Declaration of Chris Roy, Exhibit "C", Page 5.

In 2007, Flaaen became injured and unable to work, and he made a claim for LTD benefits under the Plan. Principal paid Flaaen LTD benefits from July 29, 2007 through December 24, 2014. On December 25, 2014, Principal denied continuing Flaaen's coverage under the LTD Plan. In response, Flaaen appealed Principal's denial, and exhausted his administrative remedies with Principal to no avail. He has filed this action seeking judicial review of Principal's denial.

Page 5 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

## V. Principal's denial should be reviewed de novo

### A. Absent an enforceable discretionary clause, denials of ERISA-governed disability insurance benefits are reviewed de novo.

ERISA permits a participant or beneficiary to seek judicial review of a plan's denial of disability insurance benefits. 29 U.S.C. § 1132(a)(1)(B). By default, the court conducts *de novo* review of the denial. *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1023 (9th Cir. 2008). However, when a plan contains a discretionary clause that unambiguously gives its "administrator discretion to determine eligibility or construe the plan's terms, a deferential abuse of discretion standard is applicable." *Id.* at 1023–24.

In this case, there is no dispute that the LTD Plan contains a discretionary clause; *however*, discretionary clauses in all disability insurance contracts, even ERISA-governed LTD plans, are invalid under Washington law from September 5, 2009 forward.

### B. Washington has banned discretionary clauses in all disability insurance contracts from September 5, 2009 forward.

Washington has banned the application of discretionary clauses in all disability insurance contracts. Washington Administrative Code ("WAC") § 284-96-012(1) (the "Discretionary Clause Ban") provides in relevant part as follows:

> No disability insurance policy may contain a discretionary clause. "Discretionary clause" means a provision that purports to reserve discretion to an insurer, its agents, officers, employees, or designees in interpreting the terms of a policy or deciding eligibility for benefits, or requires deference to such interpretations or decisions . . .

Page 6 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

Washington's Discretionary Clause Ban applies to any final denial of benefits occurring after the ban's September 5, 2009 effective date, regardless of when the underlying policy took effect. *Treves v. Union Sec. Ins. Co.*, No. C12-1337RAJ, at *4 (W.D. Wash. Jan. 29, 2014); *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, No. C10-484RSL, at *7–8 (W.D. Wash. Feb. 10, 2011). Washington's Discretionary Clause Ban is a law regulating insurance, which satisfies ERISA's savings clause, and Washington's Discretionary Clause Ban is therefore enforceable in the ERISA context. *Murray*, No. C10-484RSL, at *5.[2]

In situations where a final denial of benefits occurs after September 5, 2009 and the insurance contract contains a discretionary clause, the Court will not invalidate the entire policy. Rather, the Court will interpret the policy as though it were in compliance with the law, invalidating the discretionary clause but keeping the rest of the contract intact. *See Treves*, No. C12-1337RAJ, at *4.; *Murray*, No. C10-484RSL, at *7–8; RCW 48.18.510; *see also Seattle-First Nat'l Bank v. Washington Ins. Guaranty Ass'n*, 972 P.2d 1282, 1288 (Wash. Ct. App. 1999) ("Contracts for insurance must comply with statutes. Non-compliant contract provisions will not invalidate the contract; rather, we construe such provisions to comply with the statutes. RCW 48.18.510.").

---

[2] ERISA preempts state laws that relate to covered employee benefit plans. 29 U.S.C. § 1144(a). However, ERISA contains a savings clause, which provides that "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." *29 U.S.C. § 1144(B)(2)(A)*. Thus, ERISA gives full force and effect to individual state laws regulating insurance.

Page 7 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

In the case at bar, Principal's final denial of Flaaen's benefits occurred after Washington's Discretionary Clause Ban took effect on September 5, 2009. Therefore, the LTD Plan must be read as if it was in compliance with the law, and its discretionary clause is invalid and unenforceable. Consequently, this court should apply a *de novo* standard of review.

## VI. Defendant's Argument

Defendant will argue Washington law does not apply in this case. Defendant will argue *the Certificate's COL Provision* indicates Texas law applies, and that Texas law allows application of the Plan's discretionary clause. Flaaen admits Texas law allows application of the Plan's discretionary clause in this case[3], but disagrees that Texas law applies because (1) the Plan does not contain a COL provision, and the COL Provision is only found in the Certificate, which is not a Plan document; (2) even if the Certificate were a Plan document, its COL Provision is invalid under Washington's insurance regulation, and; (3) even if the Certificate were a Plan document, and its COL Provision were enforceable under Washington insurance regulation, allowing Texas law to trump Washington's Discretionary Clause Ban is against public policy.

### A. The Plan does not contain a choice of law provision.

The Plan does not contain a COL provision. *The COL Provision is only found in the Certificate*. While the Plan states it was issued in Texas, it does not state it is governed by Texas law. A valid choice of law provision requires explicit language

---

[3] Texas has passed a law invalidating discretionary clauses, but it does not apply in this particular case.

Page 8 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

evidencing clear intent of the parties that a specific state's law apply. *GT Secs., Inc. v. Klastech GmbH*, 2014 U.S. Dist. LEXIS 88237, 2014 WL 2928013, n.6 (N.D. Cal. June 27, 2014).

### B. The Certificate is not a Plan document.

#### 1. SPDs are not plan documents as a matter of law.

The COL Provision in the Certificate cannot be enforced as a term of the Plan because the Certificate is not a Plan document; rather, the Certificate plainly states it is only the Plan's SPD. *See Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011) (holding that disclosures set forth in ERISA-required summary plan descriptions are not enforced as terms of the plan itself unless the Plan explicitly incorporates the terms into the summary plan description).

In *Amara*, the United States Supreme Court stated that "summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." *Id*. Terms contained only in the Summary Plan Description are not enforceable. *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1171 (9th Cir. 2015) (holding the grant of discretion found only in the Summary Plan Description is not enforceable because the Summary Plan Description is part of the Plan's "written instrument"); *Mirick v. Prudential Ins. Co. of Am.*, No. C14-1801RSL, 2015 WL 1914453 at *3 (W.D. Wash. Apr. 27, 2015) (finding that grant of discretion contained in the Summary Plan Description and Administrative Services Agreement is not enforceable since these documents are not part of the plan).

Page 9 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

## 2. The Plan specifically states the Certificate is not a Plan document.

The Plan specifically excludes the Certificate from the Plan:

Article 7 – Certificate

The Principal will give the Policyholder individual Certificate s for delivery to insured Members. The delivery of such Certificate s will be in either paper or electronic format. The individual Certificate s will be evidence of insurance and will describe the basic features of the benefit plan. *They will not be considered a part of this Group Policy*.

Declaration of Chris Roy, Exhibit "A", Page 23 (Emphasis added).

In response to Article 7, Principle may refer to Article 1 of the Plan, which states:

Article 1 – Entire Contract

This Group Policy, the current Certificate, the attached Policyholder application, and any Member applications make up the entire contract. *The Principal is obligated only as provided in this Group Policy* and is not bound by any trust or plan to which it is not a signatory party.

Declaration of Chris Roy, Exhibit "A", Page 5 (Emphasis added)

However, although Article 1 states the Certificate is part of the "entire contract", it is not clear what "entire contract" means. Clearly, the Certificate's terms were not negotiated between McLane and Principle, and from any angle, in light of Article 7's clear language, there should be no dispute the Certificate is not part of the Plan. Moreover, considering Article 1's explicit statement, that Principal is *not obligated* by the Certificate or Policyholder application, but "*only obligated* as provided in this Group Policy", it would be unequitable to hold Flaaen to the terms of the Certificate as if it were a contractual obligation, when Principal is specifically not contractually bound to the Certificate's terms.

Regardless, considering this court reads Article 1 to potentially indicate the Certificate is part of the Plan, at best there is conflict between Article 1 and Article 7, which creates an ambiguity within the Plan.

### 3. Any ambiguities within the Plan are interpreted in favor of the insured, and against the insurer.

Ambiguities within an ERISA-governed disability insurance plan are interpreted against the insurer, unless the plan contains a valid and enforceable discretionary clause. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550 (9th Cir. 1995), *cert. denied*, 516 U.S. 908 (1995).

In the case at bar, Flaaen admits the Plan contains a discretionary clause. However, looking solely at the Plan to determine if it incorporates the Certificate into the Plan document, the Plan's discretionary clause is clearly invalid as a matter of law. *See* above, Article V., *Principal's denial of benefits should be reviewed de novo*, § A – B (explaining how Washington's Discretionary Clause Ban invalidates the Plan's discretionary clause). Therefore, since the Plan does not contain an enforceable discretionary clause, if Article 1 and Article 7 create an ambiguity, the ambiguity is resolved in favor of Flaaen, and the Certificate is not a Plan document per Article 7 of the Plan.

### C. Even if the Certificate were a Plan document, its COL Provision is invalid under Washington insurance regulation.

Under Washington law, insurance contracts *delivered or issued for delivery* in Washington are subject to Washington law and may not elect to be governed by the laws of another state. Washington's insurance code provides:

Page 11 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

(1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement

(a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or

(b) depriving the courts of this state of the jurisdiction of action against the insurer; . . .

(2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

RCW 48.18.200.

The Certificate was a document prepared by Principle and issued/delivered to Flaaen in Washington State as the Plan's SPD. As such, considering Washington State insurance regulations are saved from ERISA preemption, *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 842 (9th Cir. 2009), the Certificate's COL Provision is invalid as a matter of law.

> D. **Even if the Certificate is a Plan document, and its COL Provision is valid, Texas law does not trump Washington's Discretionary Clause Ban as a matter of public policy.**

In ERISA-governed LTD Plans, a choice of law provision is enforceable unless its application would be unreasonable or fundamentally unfair. *Wang Labs. v. Kagan*, 990 F.2d 1126, 1993 U.S. App. LEXIS 6929, 93 Cal. Daily Op. Service 2547, 93 Daily Journal DAR 4361, 16 Employee Benefits Cas. (BNA) 2108 (9th Cir. Cal. 1993).

Page 12 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would *contravene a strong public policy of the forum state. Haynsworth v. Corporation*, 121 F.3d 956 (5th Cir. Tex. 1997) (Emphasis added).

### 1. California District Courts have found application of the certificate's COL provision to invalidate California's ban on discretionary clause to be against public policy.

The issue of the appropriate standard of review, considering the exact same form of Principal's group policy and certificate,[4] was recently litigated in *Hirschkron v. Principal Life Insurance Co.*, Case 3:15-cv-00664-JD, Document 39 (Filed 10/29/15), in which the court ruled:

> Consequently, the Court agrees with the reasoning in the cases of *Rapolla v. Waste Management Employee Benefits Plan*, Case No. 13-cv-02860-JST, 2014 WL 2918863, at *5 (N.D. Cal. June 25, 2014), and *Snyder v. Unum Life Ins. Co. of America*, Case No. CV-13-07522-BRO (RZx), 2014 WL 7734715, at *10-11 (C.D. Cal. Oct. 28, 2014). As *Snyder* held, although "choice of law provisions in ERISA contracts should be followed so long as they are 'not unreasonable or fundamentally unfair,'" allowing a choice of law provision to trump California Insurance Code Section 10110.6 on the narrow issue of the applicable standard of review for a denial of benefits would subvert the right to a "fair review of claims denials" that was granted by the

---

[4] In *Hirschkron*, the certificate's COL provision indicated Maryland law applied. Otherwise, they were essentially the exact same document.

Page 13 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

California legislature to all California residents. 2014 WL 7734715, at *11. *Id.*, at 4.

### 2. Allowing the Certificate's COL Provision to trump Washington's Discretionary Clause Ban would subvert the right to a fair review of claims denials that was granted by the Washington State legislature.

In the case at bar, application of the Certificate's COL provision to invalidate Washington's Discretionary Clause Ban, would contravene a strong public policy of Washington State. Washington's Discretionary Clause Ban is a regulation protecting the insured in Washington, as it directly affects the risk-pooling arrangement between insurer and insured in favor of the insured. *See Murray*, No. C10-484RSL, at *1; *see supra* discussion at pages 9–10. As such, it affects the public interest in the business of insurance, and it is designed to protect individuals against insurance companies with superior bargaining power.

Washington's insurance code specifies that matters of insurance are of great importance to the public interest. "The business of insurance is one *affected by the public interest*, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance." RCW 48.01.030 (emphasis added).

Furthermore, the comments to the Restatement 2nd Conflicts of Law specifically state that statutes protecting the insured qualify as "fundamental": "To be 'fundamental,' a policy must in any event be a substantial one. . . . [A] fundamental

Page 14 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power. *Statutes involving the rights of an individual insured as against an insurance company are an example of this sort (see ss 192-93)."* Restatement 2nd Conflicts of Law § 187 cmt. g (emphasis added).

Moreover, a "fundamental public policy is generally found in legislative enactments declaring certain types of contracts illegal." *Carideo v. Dell, Inc.*, 492 F. Supp. 2d 1283, 1287 (W.D. Wash. 2007) (citing Restatement 2nd Conflict of Laws § 187 cmt. g). For example, "a fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power." *Rutter v. BX of Tri-Cities, Inc.*, 806 P.2d 1266, 1268 (Wash. Ct. App. 1991).

## VII. Conclusion

Washington law bans the application of the LTD Plan's discretionary clause, and this court should conduct a *de novo* review of Principal's denial of Flaaen's LTD benefits.

DATED this 22nd day of June 2016.

*/s/ Chris Roy*
Chris Roy, WSB # 29070
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH:   503-206-4313
FAX:  855-344-1726
chris@roylawpdx.com

Page 15 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2016 I electronically filed the foregoing **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW** and **DECLARATION OF CHRIS ROY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REIVEW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing, as well as emailed the foregoing, to the following:

Edna S. Kersting
Wilson Elser, et al.
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Edna.Kersting@wilsonelser.com

William Tolin Gay
Wilson Elser, et al.
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
William.gay@wilsonelser.com

Dan. S. Lossing
Inslee Best Doezie & Ryder, P.S.
10900 NE 4th Street
Suite 1500
Bellevue, Washington 98004
DLossing@insleebest.com

Dated this 22nd day of June, 2016 at Portland, Oregon.

*/s/ Chris Roy*
Chris Roy, WSB # 29070
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH: 503-206-4313; FAX: 855-344-1726
chris@roylawpdx.com

Page 16 – PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726