Hon. Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ANTHONY FLAAEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MCLANE COMPANY, INC. dba MCLANE/NORTHWEST; MCLANE COMPANY, INC. dba MCLANE/NORTHWEST LONG-TERM DISABILITY PLAN; and PRINCIPAL LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-05899-BHS<br><br>**DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:** *De Novo* **STANDARD OF REVIEW**<br><br>**NOTE ON MOTION CALENDAR:**<br>**July 29, 2016** |

I. **INTRODUCTION**

Plaintiff Anthony Flaaen ("Plaintiff") seeks long term disability benefits afforded to eligible participants under an employee welfare benefit plan sponsored and maintained by his former employer McLane Company, Inc. The long term disability benefits sought are funded by group insurance policy No. H25974 ("Group Policy") issued by Principal Life Insurance Company ("Principal Life") to McLane Company, Inc. with an issue date of January 1, 2006. The Plan and the Group Policy are subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 1
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

Principal Life acts as the disability claims administrator and has been granted express discretionary authority under the Group Policy to interpret its language and make eligibility decisions thereunder.

Nonetheless, Plaintiff has now moved for summary judgment on the question as to what standard of review is applicable to this court's review of Principal Life's claim determination, claiming that the determination is subject to a *de novo* standard of review despite the express grant of discretionary authority to Principal Life in the Group Policy. Plaintiff's motion is based on several flawed premises and should be denied.

First, Plaintiff mischaracterizes the documents essential to the issue before the court. Second, he overlooks that the booklet-certificate per the express language of the applicable Group Policy is a part of the entire group insurance contract and, as such, a plan document, which was negotiated between the policyholder and the insurer, demonstrating that the policy holder agreed to and endorsed all provisions contained therein (including the choice of law provision). *See Feibusch v. Integrated Devic Tech., Inc. Employee Benefit Plan*, No. 03-00265 SOM/LEK, 2004 U.S. Dist. LEXIS 28577, *17, n.5 (D. Hawaii, July 1, 2004), *overturned on other grounds by* 2006 U.S. App. LEXIS 22743 (9th Cir. Haw., Sept. 7, 2006)) ("IDT, the plan administrator, contracted with Sun Life to provide long-term disability insurance for IDT's employees. That contract gave Sun Life the discretion to decide what evidence was sufficient to demonstrate a disability. Feibusch provides this court with no reason to question IDT's authority to enter into the Policy with Sun Life. Here, there can be no factual dispute about delegation. We have the express language of the Policy agreed to by both Feibusch's employer and Sun Life, clearly vesting Sun Life with discretion."); *see also Neathery v. Chevron Texaco*

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 2
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

1  *Corp. Group Accident Policy No. OK 826458,* No. 05 CV 1883 JM (AJB), 2006 U.S. Dist.
2  LEXIS 96624, *9-10 (S.D. Cal. July 31, 2006).

3  Third, Plaintiff erroneously assumes, despite clear evidence to the contrary, that
4  Washington's statutory provision prohibiting discretionary clauses in disability insurance
5  contracts, WAC §284-96-012(1), applies to disability insurance policies issued and delivered
6  outside of Washington State.

7  Contrary to Plaintiff's assertions, even though it is undisputed that Plaintiff resided in
8  the State of Washington at the time of his claim for long term disability benefits, WAC §284-
9  96-012(1) does not apply to the discretionary clause in the Group Policy. The Code intends to
10 solely regulate insurance policies issued and delivered in Washington, excluding those issued
11 anywhere else in the country. The Group Policy was neither issued nor delivered in
12 Washington, but instead in Texas, where McLane Company, Inc., the policyholder, is
13 incorporated and has its principal corporate offices. (Taylor Declaration, ¶4, Ex. C) Indeed, in
14 addition to being issued and delivered in Texas, the Group Policy was also negotiated in the
   State of Texas. *Id.*

15 Moreover, the group insurance contract between McLane Company, Inc. and Principal
16 Life contains an express choice of law provision, indicating that the contract is subject to the
17 laws of Texas in accordance with its issuance on a Texas Department of Insurance approved
18 form and being subject to the Texas Department of Insurance's oversight. (Taylor Declaration,
19 ¶3, Ex. B, p. 3)  Given that the group insurance coverage was issued and delivered in Texas,
20 insuring benefits offered under an employee welfare benefit plan administered in Texas (which
21 could only be sued in Texas) and was negotiated in Texas, the choice of law provision is
22 neither unfair nor unreasonable in this case.  Plaintiff's public policy argument, largely based

23 DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 3
24 Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

on *Hirschkron v. Principal Life Ins. Co.*, 141 F. Supp. 3d 1028 (N.D. Cal., Oct. 28, 2015), which was decided based on the wording of California's statutory provision prohibiting discretionary clauses has no traction in the present case.

As Plaintiff concedes in his brief, Texas's ban on discretionary clauses does not apply to the Policy at hand. [DE #16, p. 8]

For all of these reasons, the applicable standard of review is the arbitrary and capricious standard of review and Principal Life's determination relative to Plaintiff's entitlement to benefits should be upheld as long as it is reasonable. Plaintiff's motion for partial summary judgment should be denied in its entirety.

## II.  LEGAL ARGUMENT

### A. The Crucial Documents Underlying Plaintiff's Motion And The Issue Before The Court.

The correct documents informing this Court's decision are attached to an affidavit by counsel Chris Roy, filed in support of Plaintiff's motion: (1) the Group Policy issued to McLane Company, Inc. by Principal Life, insuring the disability benefits afforded by McLane Company, Inc.'s employee welfare benefit plan (Ex. A), (2) the Booklet-Certificate issued with the Group Policy (Ex. C) and (3) the Application of Coverage submitted by McLane Company, Inc. to Principal Life in 2006 (Ex. B), all three of which form the contract between Principal Life and McLane Company, Inc. as set out in the Group Policy at p. 5. (Taylor Declaration, ¶2, Ex. A, p. 5) Identical bates labeled copies of the applicable documents are attached to the Taylor Declaration, submitted by Principal Life in support of its response brief, as Exhibits A through C.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 4
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

Plaintiff, through his counsel's affidavit, maintains that the Group Policy is the "Plan," the Booklet-Certificatethe "Plan's" Summary Plan Description, and the Employer's Application for Group InsurancePlaintiff's individual application for coverage requesting a coverage effective date for Plaintiff of January 1, 2016. [DE #16, p. 3 and Affidavit of C. Roy, ¶¶3-5.]  Plaintiff's counsel's (sworn to) statements are wrong as evidenced on the face of the documents.  Plaintiff's argument that the Booklet-Certificate and the Group Application are not plan documents, based on his counsel's erroneous qualifications of the documents in his affidavit, is of course also false. The contract between McLane Company, Inc. and Principal Life, funding the long term disability benefits afforded by McLane Company, Inc's employee welfare benefit plan, contains all three of the documents attached to Plaintiff's counsel's affidavit, as well as to the Taylor declaration, and in its entirety is a plan document.

While Plaintiff attempts to lay an evidentiary basis in support of his otherwise entirely unsupported arguments through his own counsel's affidavit, the "facts" counsel testifies to and claims to have personal knowledge of are legal conclusions, the affidavit is neither evidence nor even admissible testimony and, most significantly, cannot re-characterize the documents as something they are not against their plain language. Plaintiff's mischaracterization of the group insurance contract documents underlying this case – based solely on the word of his counsel – and his arguments based on same -- should be rejected.

**B. The Arbitrary And Capricious Standard Of Review Applies To This Court's Review Of Principal Life's Determination On Plaintiff's Claim For Benefits.**

**1. Group Policy Language**

"The Supreme Court has held that a denial of benefits 'is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator [. . .] discretionary authority to

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 5
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

determine eligibility for benefits or to construe the terms of the plan.'" *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1023 (9th Cir. 2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan "does grant such discretionary authority, we review the administrator's decision for abuse of discretion." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 866 (9th Cir. 2008).

In this case, the Group Policy, a plan document, provides as follows:

> **Part II - POLICY ADMINISTRATION**
>
> **Section A - Contract**
> **Article 9 – Policy Interpretation**
>
> The Principal has complete discretion to construe or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. The decisions of The Principal in such matters shall be as between The Principal and persons covered by this Group Policy, subject to the Claims Procedures in Part IV, Section Q of this Group Policy.

(Taylor Declaration, ¶2, Ex. A at Part II, Section A, p. 3)

Additionally, the Booklet-Certificate provides:

> We reserve complete discretion to construe or interpret the provisions of this group insurance, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. Our decisions in such matters will be controlling, binding, and final as between Us and persons covered by this group insurance, subject to the Claim Procedures shown on Claim Procedures Section of this booklet.

(Taylor Declaration, ¶3, Ex. B at GH 800 TX, p. 6)

There can be no question that these provisions unambiguously confer to Principal Life the discretion to determine benefit eligibility and to construe the terms of the group insurance issued.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 6
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

**2.   Washington Administrative Code**

The Washington Administrative Code ("WAC") contains the following provision:

> Discretionary clauses prohibited.
>
> (1) No disability insurance policy may contain a discretionary clause. "Discretionary clause" means a provision that purports to reserve discretion to an insurer, its agents, officers, employees, or designees in interpreting the terms of a policy or deciding eligibility for benefits, or requires deference to such interpretations or decisions, including a provision that provides for any of the following results:
>
> (a) That the insurer's interpretation of the terms of the policy is binding;
> (b) That the insurer's decision regarding eligibility or continued receipt of benefits is binding;
> (c) That the insurer's decision to deny, modify, reduce or terminate payment, coverage, authorization, or provision of health care service or benefits, is binding;
> (d) That there is no appeal or judicial remedy from a denial of a claim;
> (e) That deference must be given to the insurer's interpretation of the contract or claim decision; and
> (f) That the standard of review of an insurer's interpretation of the policy or claim decision is other than a de novo review.
>
> (2) Nothing in this section prohibits an insurer from including a provision in a policy that informs an insured that as part of its routine operations the insurer applies the terms of its policies for making decisions, including making determination regarding eligibility, receipt of benefits and claims, or explaining its policies, procedures, and processes.

WAC §284-96-012 (2009).

Plaintiff acknowledges that the Group Policy (and the Booklet-Certificate) contains an express discretionary clause, as approved by the Texas Department of Insurance. Plaintiff argues; however, that Section 284-96-012 applies to the Group Policy's discretionary clause, invalidating same and mandating the application of a *de novo* standard of review to this court's review of Principal Life's claim determination. He expends great effort in justifying

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 7
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

his argument, mischaracterizing the documents at issue, inventing facts and impermissibly broadening the scope of Washington state law.

### (a) WAC §284-96-012 Only Applies To Insurance Contracts Issued And Delivered In Washington.

While Plaintiff does not specifically address the scope of WAC §284-96-012 (maybe because he knows that that would undermine his argument?), he appears to assume that it applies to any disability insurance policies issued in the United States as long as the claimant resides in Washington. While California's provision banning discretionary clauses, which was discussed in the *Hirschkron* case, heavily relied upon by Plaintiff, expressly applies to any insurance contracts, no matter where they were issued, delivered or renewed, providing coverage to a California resident[1], WAC §284-96-012 does not contain language to that effect. Indeed, not only do the comments related to the proposal of the provision make clear that it was intended to only apply to insurance contracts offered in Washington,

---

[1] Section 10110.6 of the California Insurance Code reads as follows:

(a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

(b) For purposes of this section, "renewed" means continued in force on or after the policy's anniversary date.

[…]

Cal. Ins. Code § 10110.6 (2014).

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 8
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

http://lawfilesext.leg.wa.gov/law/wsr/2009/07/09-07-030.htm, which the one at issue was not, but Washington law also otherwise clarifies that it only applies to disability group insurance policies which are subject to approval by the Washington state insurance commissioner. RCW §48.18.120; RCW §48.21.010(2)(b) (acknowledging that the Washington Insurance commissioner has no regulatory authority about insurance policies issued and delivered in other states.)

While Plaintiff claims that Principal Life delivered the Booklet-Certificate – which he incorrectly identifies as the Plan's SPD – to him in Washington (DE #16, p. 12), Plaintiff is wrong. The Booklet-Certificate is not only not the Group Policy – which was issued and delivered in Texas, not in Washington, (Taylor Declaration, ¶2, Ex. A p. GC 3000 TX, p. 5) -- but the Booklet-Certificate was also not delivered to him by Principal Life, but rather, as set out expressly in the Booklet-Certificate (acknowledged by Plaintiff on page 10 of his brief), was delivered by Principal Life to the policyholder McLane Company, Inc. in Texas. (Taylor Declaration, ¶3, Ex. B, p. 23.)

For all of these reasons, the discretionary clause prohibition set out in WAC §284-96-012 does not apply to the Group Policy at issue and the discretionary clause in the Group Policy is valid and applicable, triggering an arbitrary and capricious standard of review.

### *(b) Additionally, The Group Insurance Contract Contains A Choice Of Law Provision, Mandating The Application Of Texas Law To The Group Policy.*

Further supporting the argument that the Group Policy at issue is a Texas issued and delivered Group Policy, on a policy form approved by the Texas Commissioner of Insurance -- the proper authority to do so -- and not subject to Washington insurance law, the group insurance contract contains an express choice of law provision, stating that the laws of the

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 9
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

State of Texas apply to the group insurance. Indeed, it states that "[t]he insurance provided in this booklet is subject to the laws of Texas" (Taylor Declaration, ¶3, Ex. B, GH 800 TX, at p. 5) and identifies Texas as the "contract state of issue." (Taylor Declaration, ¶2, Ex. A, GC 3000 TX, p. 5)

It is settled law in the Ninth Circuit that in determining the applicable standard of review a choice of law provision in an ERISA plan should be followed unless unreasonable or fundamentally unfair. *See Fenberg v. Cowden Auto. Long Term Disability Plan*, Nos. 05-17192, 06-15132, 259 Fed. Appx. 958, 2007 U.S. App. LEXIS 29438, *1 (9th Cir. Dec. 17, 2007); *Gonda v. The Permanente Medical Group, Inc.*, No. 11-cv-01363-SC, 2015 U.S. Dist. LEXIS 18892 (N.D. Cal. Feb. 17, 2015) (acknowledging that *Fenberg* had broaded the application of *Wang* [*Lab v. Kagan*, 990 F.2d 1126 (9th Cir. 1993)] to determinations of the applicable standard of review in ERISA benefits cases, *id.* at *21, FN. 2); *Doe v. PriceWaterHouseCoopers Health & Welfare Plan*, No. C 13-02710 JSW, 2014 U.S. Dist. LEXIS 81071 (N.D. Cal. June 11, 2014) (upholding choice of law provision in ERISA plan.)

In *Fenberg*, the plaintiff, a California resident and employee of California based automotive repair service company Cowden Automotive, was denied long term disability benefits by the claim fiduciary Reliance Standard Life Insurance Company under a group insurance policy, which reflected the terms of a master insurance policy issued to a trust in Rhode Island. *Id.* at 3-4. As the insurance policy contained a provision stating that it was governed by Rhode Island law and the plaintiff had not made an adequate showing that "viewed from the time when the contract was made, when a particular individual could not have known whether he would be a litigant, the parties' choice of Rhode Island law was 'unreasonable or fundamentally unfair,'" *see Wang Lab. v. Kagan*, 990 F.2d 1126, 1128-29

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 10
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

(9th Cir. 1993) (holding that "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair"), the court determined that the discretionary clause in the policy was not barred by the California insurance code. *See also Gordon v. Doe*, No. 10-35030, 459 Fed. Appx. 681 (9th Cir. Nov. 28, 2011) (federal courts apply law of state identified in contract); *Jimenez v. Sun Life Assur. Co. of Can.*, No. 11-30872, 486 Fed. Appx. 398, 406 (5th Cir. 2012) (rejecting argument that Louisiana insurance law precluded policy exclusion used to deny benefits because policy contained a Texas choice of law provision); *Greenberg v. Aetna Life Ins. Co.,* No. 10-2083-cv, 421 Fed. Appx. 124, 125 (2d Cir. May 11, 2011) (upholding Policy's Pennsylvania choice of law provision.); *Young v. Verizon's Bell Atl. Cash Balance Plan,* 615 F.3d 808, 816 (7th Cir. 2010) (relying on choice of law provision in ERISA plan in deciding which state's statute of limitations to apply); *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189 (11th Cir. 2010) (holding that "where a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair."); 5-15 The Law of Life and Health Insurance § 15.02 (2014) ("It seems to be generally accepted that a choice of law provision in an ERISA policy will be given effect as long as it is not unreasonable or unfair.").

In *Doe*, the Northern District of California was faced with the exact same question as this court here and found that a plaintiff could not pick and choose which provisions of the plan he or she would like to be upheld as valid and which provisions may be struck. *Doe, supra,* at *6-8. As such, as the instrument underlying the claim for benefits, all provisions of the plan were enforceable, including the choice of law provision, which the plaintiff did not demonstrate was unreasonable or fundamentally unfair. *Id.* at *7-8. The court held that the

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW-
PAGE 11
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

1  California insurance code did not apply to the policy at issue and the arbitrary and capricious standard of review applied to the court's review. *Id.*

The present case is inherently similar. The Group Policy on which Plaintiff relies for his entitlement to benefits contains a choice of law provision, stating that the Group Policy is governed by and subject to Texas law. (Taylor Declaration, ¶3, Ex. B at p. 1)  As the *Doe* court pointed out, the court may not selectively strike certain provisions and enforce others; thus, the choice of law provision applies unless Plaintiff is able to show that "viewed from the time when the contract was made, when a particular individual could not have known whether he would be a litigant, the parties' choice of Texas law was 'unreasonable or fundamentally unfair.'" *Wang, supra.*  This Plaintiff cannot and will never be able to as the Group Policy – **to which he is not a party** -- was applied for by, negotiated with and issued to McLane Company, Inc., a Texas company, in Texas. (Taylor Declaration, ¶4, Ex. C)  It was delivered in Texas and billed in Texas and the premiums were paid from Texas. (Id.)  Moreover, unlike in Fenberg, the majority of participants in McLane Company, Inc.'s plan are not Washington state residents -- only approximately 425 teammates of 14,200 covered employees work out of McLane's Northwest division, which services Washington, Oregon and Idaho[2] - and principles of uniformity, predictability and fairness inherent to ERISA require uniform application of law to the Group Policy -- Texas law – and uniform judicial adjudication of claims. *Conkright v. Frommert,* 559 U.S. 505 (2010).

For all of these reasons, applying the laws of the State of Texas to the Group Policy is neither unreasonable nor fundamentally unfair, but instead is required by settled Ninth Circuit

---

[2] https://www.mclaneco.com/content/mclane/en/solutions/grocery-supply-chain-solutions/locations/mclane-northwest.html (last visited on July 22, 2016).

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 12
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

law and principles of uniformity, predictability and fairness inherent to ERISA. An arbitrary and capricious standard of review should guide the court's review of Principal Life's determination.

Additionally, irrespective of the choice of law provision contained in the group contract, it is settled insurance law that the law of the state of issuance of an insurance contract governs any disputes under the contract. *See Home Ins. Co. v. Dick*, 281 U.S. 397 (1930); *John Hancock Mutual Life Ins. Co. v. Yates*, 299 U.S. 178 (1936), where the Supreme Court found non-significant forum contact when the insurance policies to be interpreted had been issued and delivered in a state/country other than the forum state. In *Dick*, Mr. Dick brought a lawsuit in Texas under a Mexico issued insurance policy against a New York reinsurer without any connections to Texas. The court held that application of Texas law to void the insurance contract's limitation of actions clause was improper. 281 U.S. at 408, n. 5. In *Yates*, the insured and his spouse applied for a life insurance policy while residing in New York. The insurer, a Massachusetts corporation, issued and delivered the contract in New York. After the insured died in New York, his spouse moved to Georgia, submitted a claim and subsequently filed suit in the courts in Georgia. 299 U.S. at 182-183. The Supreme Court explained that the parties by their contract made in New York subjected themselves to certain conditions prescribed by New York law and that the post-occurrence (here post-death) change of residence to the forum state was insufficient to justify application of forum law. *Id.*, *Hague*, at 639.

Plaintiff's brief raises two objections to the choice of law provision: (1) the choice of law provision is contained in the Booklet-Certificate – which he incorrectly identifies as Summary Plan Description – and as such, is not enforceable, and (2) that insurance contracts

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 13
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

Case 3:15-cv-05899-BHS   Document 17   Filed 07/25/16   Page 14 of 18


issued or delivered in Washington may not contain choice of law provisions or forum selection clauses. [DE #16, pp. 8-11.]

Plaintiff's arguments are misguided and based on invented "facts" and a complete misunderstanding of the nature of a group insurance contract.

Plaintiff argues that the choice of law provision is not part of the "plan" as outlined in *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1877-78 (2011) based on the statement in the Booklet-Certificate that "Policyholders *may* use this booklet-certificate *in part* in meeting Summary Plan Description *requirements* under ERISA." [DE #16, p. 10]  The Booklet-Certificate is, however; not a Summary Plan Description (as can be seen clearly given the statement in the Booklet-Certificate referenced by Plaintiff). Portions of it may only be used to satisfy ERISA's requirements for Summary Plan Descriptions. Moreover, the language Plaintiff points to is culled from a section entitled "*Supplement* to Your Booklet-Certificate," which is not the Booklet-Certificate but only a supplement thereto (emphasis supplied.)   (Taylor Declaration,¶3, Ex. B, pp. 34-35)

In all events, however, the Booklet-Certificate is expressly incorporated into the group contract in that the Group Policy, the Booklet-Certificate and the Policyholder Group application as well as any member applications "make up the entire [group insurance] contract [between McLane Company, Inc and Principal Life]," which is certainly a plan document. Courts typically rely on such integration clauses when determining whether documents are plan documents or are extrinsic to the plan. *See Grosz-Salomon v. Paul Revere Life Ins. Co,* 237 F.3d 1154, 1161 (9th Cir. 2001) (holding SPD unenforceable where policy's integration clause limited entire contract to policy and applications); *Francis v. Anacomp, Inc. Accidental Death & Dismemberment Plan,* No. 10-CV-467, 2011 U.S. Dist. LEXIS 103924, 2011 WL

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 14
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2142682v.1

4102143, at *4-5 (S.D. Cal. Sept. 14, 2011) (rejecting argument that ACF was an enforceable plan document where policy purported to be fully integrated); *Hamill v. Prudential Ins. Co. of Am.,* No. 11-CV-1464, 2012 U.S. Dist. LEXIS 183153, at *2 (E.D.N.Y. Jan. 2, 2013) (noting importance of SPD's omission from policy's integration clause referring to "[t]he entire Group Contract")*.*

Additionally, courts have held on multiple occasions that Certificates of Coverage issued by insurance companies are plan documents. *See e.g. Bigley v. Ciber, Inc.,* No. 13-1243, 2014 U.S. App. LEXIS 12498, *12-13 (10th Cir. July 2, 2014); *Maynard v. Prudential Ins. Co. of Am.*, No. 1:12-cv- 3085, 2013 U.S. Dist. LEXIS 159648 (N.D. Ohio, Nov. 7, 2013).

While Plaintiff makes much ado about language in the Integration clause that indicates that Principal Life's obligations under the contract are only as provided in the Group Policy, which he interprets to mean that Principal Life has no obligations under the Booklet-Certificate, Plaintiff overlooks that the Booklet-Certificate does not create any additional obligations (or rights for Plaintiff) that the Group Policy does not offer. Instead, it only offers a description of the coverage written in a manner which addresses the participant/member directly. (Taylor Declaration, ¶3, Ex. B) The integration clause therefore does not create any ambiguities, which in all events, under the governing arbitrary and capricious standard of review, would not lead to applicability of the doctrine of *contra proferentem*. As explained in *Mitzel v. Anthem Life Ins. Co.,* 351 Fed. Appx. 74, 83 (6th Cir. 2009), "in cases such as this one, in which the administrator's denial of benefits is reviewed under the arbitrary and capricious standard because of the discretion conferred by the Plan, we believe that invoking the rule of *contra proferentem* undermines the arbitrary and capricious standard of review."

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 15
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

Plaintiff's second argument, which suggests that Washington insurance law prohibits the inclusion of a choice of law clause based on RCW §48.18.200 is wrong, as already set out above, because neither the Group Policy, nor the Booklet-Certificate were, as Plaintiff surprisingly claims, issued or delivered to Plaintiff in Washington by Principal Life. *Supra.*

### (c) The Applicable Arbitrary And Capricious Standard Of Review Is Not Precluded By "Public Policy."

While Plaintiff attempts to create a public policy argument against applicability of the arbitrary and capricious standard of review in this case, the United States Supreme Court has endorsed the arbitrary and capricious standard of review on multiple occasions as facilitating ERISA's goals of predictability, uniformity and efficiency. *Conkright, supra.* Indeed, the traditional deferential review endorsed by the Supreme Court is based on the principles of trust law, which, as pointed out in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), are summoned by ERISA's legislative history and the Court's prior decisions interpreting the statute. Especially the principles of uniformity and predictability require application of the same contract provisions to all claims incurred under the Policy at issue here, including a uniform judicial standard of review. It is not in accordance with public policy that participants in insured employee welfare benefit plans of national employers, such as McLane Company, Inc., with over 14,000 eligible employees nationwide, are facing different judicial standards of review on their claims under the same plan, depending on where they are located – especially when they are all employed with a Texas based employer.

While Plaintiff supports his arguments with the purportedly superior bargaining power of the insurer versus the individual, this case does not involve contract terms negotiated between an insurer and an individual. Instead, Principal Life negotiated with McLane
DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 16
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

Company, Inc., which chose to purchase the Group Policy involved in this case for its employees as an employee benefit. Plaintiff's respective bargaining power in comparison to Principal Life's cannot be relevant for a public policy argument in light of Plaintiff's lack of involvement in the contract negotiations as he is not a party to the contract at issue.

Finally, a public policy argument can also not be based on the *Hirschkron* matter, given that California's discretionary clause prohibition is significantly broader than the one at issue here.

The public's interest in uniform application of the terms of an insurance policy and uniform judicial adjudication of claims under such policy outweighs Plaintiff's concerns pertaining to his inferior bargaining power.

## III.  CONCLUSION

For all of these reasons, the discretionary clauses contained in the group insurance contract are valid and enforceable and an arbitrary and capricious standard of review applies to this court's review of Principal Life's determination on Plaintiff's claim for benefits. Plaintiff's motion for partial summary judgment should be denied.

Principal Life further submits that oral argument on Plaintiff's motion for partial summary judgment is not necessary. The question of the applicable standard of review is a legal question and the issues are sufficiently set out and elaborated on in the parties' motion papers for the court to rule.

DATED this 25th day of July, 2016.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 17
Case No. 3:15-cv-05899-BHS
2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

| | |
|---|---|
| 1 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP |
| 2 | |
| 3 | By: */s/ Edna S. Kersting*<br>    Edna S. Kersting, Illinois #6177775<br>    *(pro hac vice)* |
| 4 | 55 West Monroe Street, Suite 3800<br>Chicago, IL 60603 |
| 5 | Tel: 312-821-6162<br>Fax: 312-740-1522 |
| 6 | Email: edna.kersting@wilsonelser.com |
| 7 | INSLEE, BEST, DOEZIE & RYDER, P.S. |
| 8 | By:  */s/ Dan S. Lossing* |
| 9 | Dan S. Lossing, WSBA #13570<br>10900 N.E. 4th Street, Suite 1500 |
| 10 | Bellevue, WA  98004<br>Tel: 425-455-1234 |
| 11 | Fax: 425-635-7720<br>Email: dlossing@insleebest.com |
| 12 | ***Attorneys for Defendant Principal Life Insurance Company*** |

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 18
Case No. 3:15-cv-05899-BHS

2142682v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522