HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY FLAAEN,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MCLANE COMPANY, INC. AND PRINCIPAL LIFE INSURANCE COMPANY, INC.<br><br>　　　　　　Defendants. | Case No. 3:15-cv-05899-BHS<br><br>PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW<br><br>NOTE ON MOTION CALENDAR:<br>July 29, 2016 |

COMES NOW plaintiff, Anthony Flaaen ("Flaaen"), and replies to Principal Life Insurance Company, Inc.'s ("Principal") response to plaintiff's motion for partial summary judgment as follows.

Page 1 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

## I. Introduction

Plaintiff's position is the Plan is contained in one document, the Group Policy ("Policy"). The Policy states Principal is only bound by the terms of the Policy, and it explicitly states the Booklet-Certificate ("Certificate") is not part of the Policy. Although the Policy contains a discretionary clause, that clause is invalid and unenforceable under Washington law. Therefore, this court's review of Principal's decision to deny Flaaen's benefits should be conducted *de novo*.

## II. What is the Plan

Principal cites Article 1 of the Policy alleging the Plan includes three documents: Policy, Certificate, and the application. Article 1 states those three documents make up the "entire contract". However, Article 1 also goes on to state, "The Principal is obligated only as provided in this Group Policy", and Article 7 of the Policy clearly indicates the Certificate "will not be considered a part of this Group Policy." If Principal is only obligated per the terms of the Policy, there would be no consideration for binding Flaaen, or any other member of the Plan, to the terms of the Certificate.

### A. Tenants of contract interpretation support Flaaen's position.

The interpretation of ERISA-covered insurance policies is governed by the federal common law. *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990). The controlling intent of the parties must be ascertained from reading the contract as a whole, and where the language used is unambiguous, no ambiguity will be read into the contract. *Taylor-Edwards Warehouse & Transfer Co., of Spokane, Inc. v. Burlington Northern, Inc.*, 715 F.d 1330 (9th Cir. 1983). "If possible, a contractual

Page 2 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

provision should not be rendered superfluous by judicial interpretation." *Gray v. Travelers Indem. Co.,* 280 F.2d 549, 553 (9th Cir. 1960). If possible, a court should interpret the policy so as to *avoid ambiguities* and give effect to all of its provisions. *Houghton v. American Guaranty Life Ins. Co.,* 692 F.2d 289, 291 (3d Cir.1982)(emphasis added).

In the case at bar, it is possible and reasonable to read the contract in a way to avoid an ambiguity between Article 1 and Article 7. Looking at the contract as a whole, where Article 1 states three documents make up the "entire contract", it is referring to the entire contract between Principal and the plan sponsor, McLane Company. They have their own contractual relationship. However, the rights and responsibilities between Principal and the Plan's participants is only governed by the Policy. Hence Article 1's statement that Principal is only obligated as provided in this Group Policy, and Article 7's statement that the Certificate is not part of the Group Policy.

### B.     The Certificate is the Summary Plan Description ("SPD")

Flaaen's original motion for partial summary judgment ("Motion") sets out multiple specific times the Certificate explicitly states it is only a summary document, and the Policy is the controlling document. The Department of Labor's regulations specifically require all ERISA plans to prepare SPDs and distribute those to all plan participants. 29 CFR 2520.104b-2. Therefore, Principal's contention that the Certificate is not the SPD begs the question, "if the Certificate is not the SPD, then where is the SPD document?".

Page 3 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

As set out in the Declaration of Chris Roy in support of Plaintiff's Reply, he sent two letters to Principal requesting all plan documents, including the SPD. Both times Principal produced the claim file per his request and the only document ever produced that mentioned anything about being the SPD was the Certificate. If the Certificate is not the SPD, and this becomes the dispositive issue in deciding this Motion, then this court should order Principal to produce the document it alleges is the SPD of the Plan. Specifically, the SPD that was provided to Mr. Flaaen per ERISA regulation.

### C. SPDs are not Plan documents.

Defendant cites two cases on page 15 in its Response, arguing that courts have held on SPD's are plan documents. One case is from the 10th Circuit, and the other from the N.D. of Ohio. However, in the 9th Circuit, we follow the Supreme Court's ruling *Cigna v. Amarra*, that the SPD is not a plan document unless specifically incorporated. In fact, the 9th Circuit recently went even farther and established a bright line rule in *Becker v. Williams*, 777 F.3d 1035, 1039 n.3 (9th Cir. 2015) ("The Supreme Court has specifically excluded the statutorily mandated summary plan description . . . as a source of the plan's governing terms."). The 9th Circuit also reiterated *Cigna*'s holding in *Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*, 500 Fed.Appx. 575, 576 (9th Cir. 2012), where it reversed the district court's ruling that additional information included in the SPD was enforceable because as the Supreme Court made clear, "extraneous documents, like SPDs, are not themselves part of the plan. . . summary documents make statements about the plan, but . . . their statements do not themselves constitute the terms of the plan." *Id*. Finally, in *Mull v.*

Page 4 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

*Motion Picture Industry Health Plan*, 2015 WL 11216848, *9 (July 7, 2015), the Court again affirmed *Cigna*, stating "Indeed, the notion that a document whose purpose is to summarize the plan documents (the Summary Plan Description) could itself by a plan document would make no sense as a matter of pure logic: how can a summary judgment be part of the thing which it purports to summarize?".

**II.   Contra Proferenteum**

If this court believes there is an ambiguity that needs to be resolved in the Policy to determine whether the SPD is a Plan document, then the concept of *contra proferenteum* becomes an issue. The law cited by both Plaintiff a Defendant is correct. If the Policy's discretionary clause ("DC") is enforceable, then the ambiguity is resolved in favor of Principal. However, if the DC is unenforceable, then the ambiguity is resolved in favor of Flaaen per *contra proferenteum*.

**III.   The Policy's DC is unenforceable under Washington law.**

Principal argues that Washington's ban on discretionary clauses only applies to group policies issued in Washington. Principal cites RCW 48.18.120, RCW 48.21.010(2)(b), and the comments to Washington's DC ban. Flaaen asks the court to read the cited authorities because they do not address the scope of Washington's insurance regulation in any way. However, RCW 48.01.020 specifically does.

Page 5 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

**RCW 48.01.020**

**Scope of code.**

All insurance and insurance transactions in this state, or *affecting* subjects located wholly or in part or to be performed within this state, and all persons having to do therewith are governed by this code.

[Emphasis added]

The code defines insurance as "a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies." RCW 48.01.040. The code defines an "insurance transaction" as any solicitation, negotiations preliminary to execution, execution of an insurance contract, transaction of matters subsequent to execution of the contract and arising out of it, and/or insuring. RCW 48.01.060.

The fact is, the scope of Washington's ban on discretionary clauses is identical to California's. It is just that the scope of Washington's law is identified in another section of its code, as opposed to being included in the DC ban's language like in California.

Moreover, application Washington's DC ban to group policies affecting Washington State residents makes sense in light of the purpose of the law, which is to protect Washington State's residents.

Washington's insurance code specifies that matters of insurance are of great importance to the public interest. "The business of insurance is one *affected by the public interest*, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer,

Page 6 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance." RCW 48.01.030 (emphasis added).

Furthermore, the comments to the Restatement 2nd Conflicts of Law specifically state … "[A] fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power. *Statutes involving the rights of an individual insured as against an insurance company are an example of this sort (see ss 192-93)."* Restatement 2nd Conflicts of Law § 187 cmt. g (emphasis added).

Moreover, this court has already ruled that Washington's DC ban will likely "lead to a greater number of claims being paid. More losses will thus be covered, increasing the benefit of risk pooling for consumers." *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, No. C10-484RSL, at *4 (W.D. Wash. Feb. 10, 2011)(citation omitted).

**IV.   The SPD's choice of Texas law is inapplicable**

As discussed above, the SPD is not a Plan document and its terms are not enforceable. Furthermore, as discussed in Flaaen's Motion, Washington prohibits the inclusion of a choice of law ("COL") provision in any insurance contract "issued or delivered" in Washington. RCW 48.18.200.

Principal argues that it delivered the SPD to Flaaen's employer, McLane Company, and therefore the SPD was not issued or delivered in Washington. But, Principal's argument is just form over substance. Although it provided the SPD to McLane, it specifically "provided [the SPD] to the policyholder for distribution to its employees …" Declaration of Nancy Taylor, ¶ 3. Moreover, the SPD clearly states on

Page 7 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

page one that it is "for the members of" the Plan. Following Principal's argument to its logical conclusion, all an insurer would have to do to circumvent Washington's insurance code would be to hand off its policy to a third party and have the third party deliver the documents in Washington. This is not what the Washington legislature intended.

**V.   Even if the SPDs COL provision were applicable, allowing it to trump Washington's insurance regulation would be against public policy.**

Both parties agree that under 9th Circuit ERSIA law, COL provisions should be followed unless "unreasonable or fundamentally unfair". Principal cites *Fenberg* for the proposition that the court should view reasonableness/fairness by looking at the time period when the contract was made. Principal cites *Doe* as a case where the N.D. of California was faced with "the exact same question as this court here …" Response, Page 11. However, neither case actually addresses application of a COL provision to trump California's ban on discretionary clauses. *Fenberg* is a case decided in 2007, well before California's DC ban took effect in January 1, 2012. Further, regarding *Doe*, Principal also cited this case in *Hirschkron*, and the court found,

> While defendant points to *Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*, No. C 13-02710 JSW, 2014 WL 2737840 (N.D. Cal. June 11, 2014), as the more persuasive case, *see* Dkt. No. 35 at 4, the Court finds that *Doe* does not actually address this issue head-on -- it refers only generally to "California law" without making any express reference to California Insurance Code Section 10110.6. To the extent *Doe* can be read to support the conclusion that a choice of law provision can trump the applicability of Insurance Code Section 10110.6 on the question of the applicable standard of review in a claim denial case, the Court disagrees with it.

Page 8 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

*Hirschkron* at 4.

The fact is, throughout the entire United States *Hirschkron* is the case most factually similar to the case at bar. *Hirschkron* directly determined whether Principal's COL provision trumped California's DC ban. In that case, Principal's policy, certificate, and application were essentially identical to Flaaen's. Flaaen has attached the court's Order in the *Hirschkron* case as Exhibit "3" to the Declaration of Chris Roy in support of Plaintiff's Reply for this court's information. *Hirschkron* ruled application of Principal's COL provision to trump California's DC ban would be against public policy, and consequently held Principal's DC void and unenforceable.

The concept of voiding a COL provision on public policy grounds is not out of left field. The 9th Circuit follows the guidelines of the Restatement (Second) of Conflict of Laws § 187(2) (1971) when determining what constitutes "unreasonable" or "fundamentally unfair." The Restatement says that the choice of law provision agreed to by the parties will be enforced unless "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice; or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." *See International Business Machines Corp. v. Bajorek*, 191

Page 9 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

F.3d 1033, 1037 (9th Cir. 1999) (finding that it would be contrary to two fundamental policies of California for the Court to apply New York law: the prohibition of recoupment of employees' wages and limiting anti-competition agreements); *see also CH2O, Inc. v. Bernier*, 2011 WL 1485604, *7 (W.D. Wa. April 17, 2011).

Plaintiff has cited multiple reasons in his Motion and in this Reply why application of Principal's COL provision to trump Washington's DC ban would be against public policy. Principal's Response argues that application is not against public policy. Citing *Conkright*, Principal argues the arbitrary and capricious standard has been found to advance predictability and uniformity. However, Principal's argument misses the point. The issue is not whether application would violate public policy on a national scale. The issue is whether it would violate the public policy of the forum state. Washington, like California and other states around the United States, has decided to enact a ban on discretionary clauses to protect its residents. That is its choice. ERISA saves from preemption state insurance regulations to give effect to those kinds of choices, allowing individual states to pass their own laws to protect their own residents as they see fit.

Page 10 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

## VI. Conclusion

Washington law bans the application of the Plan's discretionary clause, and this court should conduct a *de novo* review of Principal's denial of Flaaen's LTD benefits.

DATED this 29th day of July 2016.

>        */s/ Chris Roy*
>        Chris Roy, WSB # 29070
>        Roy Law
>        520 S.W. Yamhill, Suite 212
>        Portland, OR 97204
>        PH:   503-206-4313
>        FAX:  855-344-1726
>        chris@roylawpdx.com

Page 11 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys/parties of record.

DATED this 29th day of July 2016.

*/s/ Chris Roy*
Chris Roy, WSB # 29070
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH:   503-206-4313
FAX:  855-344-1726
chris@roylawpdx.com

Page 12 – PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726