HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY FLAAEN,<br><br>                Plaintiff,<br>v.<br><br>MCLANE COMPANY, INC. AND PRINCIPAL LIFE INSURANCE COMPANY, INC.<br><br>                Defendants. | Case No. 3:15-cv-05899-BHS<br><br>DECLARATION OF CHRIS ROY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REIVEW |

I, Chris Roy, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of Washington and before USDC Western District of Washington. I represent the Plaintiff, Mr. Anthony Flaaen ("Flaaen") in this matter. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. I submit this declaration in support of Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Judgment Re: *De Novo* Standard of Review.

Page 1 – DECLARATION OF CHRIS ROY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726

3. I sent letters to Principal Life Insurance Company ("Principal") on February 11, 2015 and July 28, 2015 requesting a complete copy of Mr. Flaaen's claim file, including the summary plan description (page 1 of both letters) of the Plan. Those letters are attached hereto as Exhibits "1" and "2" respectively.

4. In response to my requests Principal sent me a copies of the claim file.

5. In reviewing the copies of the claim file produced, the only document that references itself as a summary plan description ("SPD") is the Booklet-Certificate ("Certificate") attached as Exhibit "C" to the DECLARATION OF CHRIS ROY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REIVEW. To date, I can find no other document calling itself an SPD of the Plan.

6. Attached as Exhibit "3" is a copy of the "Order on Cross-Motions for Partial Summary Judgment on the Pleadings" filed in the *Hirschkron v. Princiapl Life Insurance Company* matter, Case 3:15-cv-00664-JD Document 39 Filed 10/29/15.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 29nd day of July, 2016, in Portland, Oregon.

                                                */s/ Chris Roy*
                                                Chris Roy, WSB # 29070
                                                Roy Law
                                                520 S.W. Yamhill, Suite 212
                                                Portland, OR 97204
                                                PH:   503-206-4313
                                                FAX:  855-344-1726
                                                chris@roylawpdx.com

Page 2 – DECLARATION OF CHRIS ROY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW

ROY LAW
520 S.W. Yamhill, Suite 212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726



**ROY LAW**

520 SW YAMHILL STREET

SUITE 212

PORTLAND, OR 97204

503 206 4313

855 306 4313

503 716 3854 FAX

ROYLAWPDX.COM


CHRIS@ROYLAWPDX.COM

503 926 4653 CELL

February 11, 2015

**Via Fax without Exhibits (1-800-255-6609)**

Zachary Mindham
Principal Life Insurance Company
711 High Street
K-750-8A24
Des Moines, IA 50392-2180

Re:   **Anthony Flaaen**
      **Incident No. 3411927**

We are the attorneys for Anthony Flaaen ("CLIENT"). CLIENT has retained us to represent him with respect to Principal Life's ("INSURER") denial of CLIENT's long-term disability benefits. A copy of the authorization allowing us to request documents, and communicate with you on his behalf is attached to this letter.

Please be advised CLIENT intends to seek review of INSURER's denial under the above-referenced policy. However, before CLIENT can adequately present his case and obtain a full and fair review, he must have an opportunity to review the documents relied upon by INSURER in denying his claim. Accordingly, pursuant to Section 104(b) of ERISA and 29 C.F.R § 2560.503-l(h)(2)(iii), we request copies of the following documents (in order to save paper please mail all requested documents on a CD in Adobe PDF form):

(1) A copy of the: (i) Policy and any riders or schedules thereto; and (ii) contract for long-term disability coverage between you and CLIENT's employer;

(2) A copy of the summary plan description of the plan;

(3) All documents:

 (i) relied on in making the benefit determination, including without limitation, all reports, notes, records, test results, correspondence

and curriculum vitae of any independent medical examiner or reviewer, functional capacity evaluator, transferable skills expert, and/or vocational expert. See 29 C.F.R. § 2560.503-l(h)(2)(iii) and 29 C.F.R. § 2560.503-l(m)(8)(i);

(ii) submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. See 29 C.F.R. § 2560.503-l(h)(2)(iii) and 29 C.F.R. § 2560.503-l(m)(8)(ii);

(iii) that demonstrate compliance with administrative processes and safeguards designed to ensure and to verify that benefit claims determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants. See 29 C.F.R. § 2560.503-l(h)(2)(iii); 29 C.F.R. § 2560.503-l(m)(8)(iii); and 29 C.F.R. § 2560.503-l(b)(5); or

(iv) that constitute a statement of policy or guidance with respect to the plan concerning the denied benefit, without regard to whether such advice or statement was relied upon in making the benefit determination. See 29 C.F.R. § 2560.503-l(h)(2)(iii); 29 C.F.R. § 2560.503-l(m)(8)(iv); and 29 C.F.R. § 2560.503-l(g)(l)(v)(A).

(4) All notes of telephone conversations with CLIENT or any treating physician. CLIENT would like to have the opportunity to correct any inaccuracies or otherwise respond.

(5) All video and audio recording(s) of CLIENT and the reports and notes of all investigators.

(6) Please provide: (i) the name of the employee benefit plan; (ii) the name and address of the Plan Administrator; and (iii) the name and address of the registered agent for service of process for both the plan and the Plan Administrator.

(7) Please state whether the funds for any potential benefits paid under this plan will be paid by the insurance company, by the employer, or by some other party.

(8) Please state the amount of monthly benefits CLIENT will receive if a favorable determination is made.

(9) A description pursuant to 29 C.F.R. § 2560.503-l(g)(1)(iii) of any additional material or information necessary for CLIENT to perfect his claim and an explanation of why such material or information is necessary.

(10) A description whether an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination.

In addition to the above-requested documents and information, CLIENT requests a fuller explanation of the reasons for denial. The denial letter does not adequately describe the specific reasons for denial as required by 29 C.F.R. § 2560.503-l(f)(l). See Cook v. New York Times Long-term Disability Plan, 2004 U.S. Dist. LEXIS 1259 (S.D.N.Y. Jan. 27, 2004). In order to assure that CLIENT is provided with a full and fair review as required by ERISA 503, please specifically describe:

    a. The specific type of objective evidence (e.g., MRI, x-ray, laboratory results, etc.) that CLIENT should provide in order to adequately support appeal;

    b. The specific opinion evidence that CLIENT should provide in order to adequately support appeal;

    c. The specific clinical findings that CLIENT should provide in order to adequately support appeal;

    d. The specific type of evidence that CLIENT must submit to adequately support claims of fatigue and/or pain.

In other words, given CLIENT's disability and the terms of the Plan, please tell CLIENT what specifically he must submit in order to demonstrate total disability under the Plan.

You have an affirmative legal and fiduciary duty to provide the requested information. Pursuant to ERISA 502(c), 29 U.S.C. § 1132(c), documents required to be disclosed under Title I of ERISA must be furnished within thirty (30) days after the request or the administrator can be held personally liable for a failure or refusal to comply with this regulation with a maximum penalty of $110 per day.

Once we receive the above-described documents and information, we will submit written comments, arguments, and/or medical documentation on behalf of CLIENT.

Please consider this letter as a preservation demand letter, asking you to preserve for potential litigation regarding this claim all "electronically stored information (ESI)" regarding this claim, CLIENT, or the issues involved in this claim. This would include, but certainly not be limited to, information sent to others, information received from others, all internal emails or other electronic communications, and all emails or other electronic communications sent to or received from external sources. This request applies to all ESI whether in your regular system, or in any backup system whether maintained by you or maintained by others.

Please be advised that this letter serves as your notice that any prior releases signed by CLIENT to obtain medical records, medical information, personal information, or other information of any kind are hereby revoked to the extent that such authorizations allow you to contact any sources of information in a manner other than in writing.

You may continue to use the previously signed releases or authorizations to obtain records and reports in writing, but any direct communication outside of writing will be considered an invasion of CLIENT's privacy.

Best Regards,

Chris Roy
Attorney at Law

cc: client via email

## AUTHORIZATION FOR RELEASE OF INFORMATION

TO WHOM IT MAY CONCERN:

This will serve as authorization for you or your agents to discuss with and/or furnish to Chris Roy and Roy Law, 520 SW Yamhill Street, Suite 212, Portland, OR 97204, any information he desires in connection with the employment, insurability, or representation of the undersigned.

I hereby grant to Roy Law authorization to represent me with respect to any and all matters arising from my application for long and/or short-term disability benefits. By this authorization I specifically include the power to appear on my behalf and to otherwise represent me in the submission and prosecution of any claim or demand for benefits, rights, damages, and causes of action before any plan administrator, trustee, claims processor, government agency, or court.

I further specifically include authorization to request, review and receive any documents, records or other information which he requests of any person, including personnel records, payroll records, annual reports, plan documents, summary plan descriptions, accounting records, any documents filed with a government agency, health care records, medical records, and insurance records. I hereby agree to hold harmless any person providing any documents, records, or other information to my said attorney. You are authorized to furnish said attorney any documents, records, or other information for which he may ask, on my behalf. Further, if any past, or future benefits are issued to me, please send all payments direct to Roy Law, and make the check(s) payable to " Roy Law c/o [my name]".

A copy of this authorization is as valid as the original.

Signed: _____
Client

Date: 1/27/2015



520 SW YAMHILL STREET

SUITE 212

PORTLAND, OR 97204

503 206 4313

855 306 4313

855 344 1726 FAX

ROYLAWPDX.COM


CHRIS@ROYLAWPDX.COM

503 926 4653 CELL

July 28, 2015

**Via Fax (1-800-255-6609)**

Krista Jones, B.S., Claim Analyst
Principal Life Insurance Company
711 High Street
750-8A24
Des Moines, Iowa 50392-2180

Re:     **Anthony Flaaen**
        **Incident No. 3411927**

As you know, we are the attorneys for Anthony Flaaen ("CLIENT"). CLIENT has retained us to represent him with respect to Principal Life's ("INSURER") denial of CLIENT's long-term disability benefits.

Please be advised CLIENT intends to seek review of INSURER's appeal denial under the above-referenced policy. However, before CLIENT can adequately present his case and obtain a full and fair review, he must have an opportunity to review the documents relied upon by INSURER in denying his claim. Accordingly, pursuant to Section 104(b) of ERISA and 29 C.F.R § 2560.503-l(h)(2)(iii), we request copies of the following documents **from February 11, 2015 to present** (in order to save paper please mail all requested documents on a CD in Adobe PDF form):

(1) A copy of the: (i) Policy and any riders or schedules thereto; and (ii) contract for long-term disability coverage between you and CLIENT's employer;

(2) A copy of the summary plan description of the plan;

(3) All documents:

 (i) relied on in making the benefit determination, including without limitation, all reports, notes, records, test results, correspondence

Exhibit "2", 000001

and curriculum vitae of any independent medical examiner or reviewer, functional capacity evaluator, transferable skills expert, and/or vocational expert. See 29 C.F.R. § 2560.503-l(h)(2)(iii) and 29 C.F.R. § 2560.503-l(m)(8)(i);

(ii) submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. See 29 C.F.R. § 2560.503-l(h)(2)(iii) and 29 C.F.R. § 2560.503-l(m)(8)(ii);

(iii) that demonstrate compliance with administrative processes and safeguards designed to ensure and to verify that benefit claims determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants. See 29 C.F.R. § 2560.503-l(h)(2)(iii); 29 C.F.R. § 2560.503-l(m)(8)(iii); and 29 C.F.R. § 2560.503-l(b)(5); or

(iv) that constitute a statement of policy or guidance with respect to the plan concerning the denied benefit, without regard to whether such advice or statement was relied upon in making the benefit determination. See 29 C.F.R. § 2560.503-l(h)(2)(iii); 29 C.F.R. § 2560.503-l(m)(8)(iv); and 29 C.F.R. § 2560.503-l(g)(l)(v)(A).

(4) All notes of telephone conversations with CLIENT or any treating physician. CLIENT would like to have the opportunity to correct any inaccuracies or otherwise respond.

(5) All video and audio recording(s) of CLIENT and the reports and notes of all investigators.

(6) Please provide: (i) the name of the employee benefit plan; (ii) the name and address of the Plan Administrator; and (iii) the name and address of the registered agent for service of process for both the plan and the Plan Administrator.

(7) Please state whether the funds for any potential benefits paid under this plan will be paid by the insurance company, by the employer, or by some other party.

(8) Please state the amount of monthly benefits CLIENT will receive if a favorable determination is made.

(9) A description pursuant to 29 C.F.R. § 2560.503-l(g)(1)(iii) of any additional material or information necessary for CLIENT to perfect his claim and an explanation of why such material or information is necessary.

(10) A description whether an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination.

You have an affirmative legal and fiduciary duty to provide the requested information. Pursuant to ERISA 502(c), 29 U.S.C. § 1132(c), documents required to be disclosed under Title I of ERISA must be furnished within thirty (30) days after the request or the administrator can be held personally liable for a failure or refusal to comply with this regulation with a maximum penalty of $110 per day.

Once we receive the above-described documents and information, we will submit written comments, arguments and/or medical documentation on behalf of CLIENT.

Please consider this letter as a preservation demand letter, asking you to preserve for potential litigation regarding this claim all "electronically stored information (ESI)" regarding this claim, CLIENT, or the issues involved in this claim. This would include, but certainly not be limited to, information sent to others, information received from others, all internal emails or other electronic communications, and all emails or other electronic communications sent to or received from external sources. This request applies to all ESI whether in your regular system, or in any backup system whether maintained by you or maintained by others.

Please be advised that this letter serves as your notice that any prior releases signed by CLIENT to obtain medical records, medical information, personal information, or other information of any kind are hereby revoked to the extent that such authorizations allow you to contact any sources of information in a manner other than in writing.

You may continue to use the previously signed releases or authorizations to obtain records and reports in writing, but any direct communication outside of writing will be considered an invasion of CLIENT's privacy.

Best Regards,

Chris Roy
Attorney at Law

cc: client via email

July 28, 2015<br>
Principal Life<br>
Re: Anthony Flaaen<br>
Page 4 of 4<br>
Exhibit "2", 000004

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY HIRSCHKRON,<br><br>    Plaintiff,<br><br>    v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-00664-JD<br><br>**ORDER ON CROSS-MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 28, 31 |

    This is an ERISA action. Plaintiff Amy Hirschkron, a former employee of FTI Consulting, Inc., sought but was ultimately denied long term disability benefits under the FTI Consulting Employee Benefit Plan ("the Plan"). Dkt. No. 1. Plaintiff claims that the denial violated Sections 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). *Id*.

    It is undisputed that the Plan is an employee welfare benefit plan that is governed by ERISA, and defendant acknowledges that long term disability benefits under the Plan are "funded by group insurance policy No. H52745 ('Group Policy')" which was issued by Principal Life to FTI Consulting. Dkt. No. 31 at 1. Defendant acknowledges that it "acts as the claim review fiduciary" under the Plan. *Id*.

    What is disputed at this stage of the case is the standard the Court should apply to review the decision to deny plaintiff's long-term disability claim. At the request of the parties, the Court set this issue for early decision. Dkt. No. 26. The parties have filed cross-motions for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on that single issue. Dkt. Nos. 28, 31. Although teed up under Rule 12(c), "matters outside the pleadings [were] presented to and not excluded by the court," and so the Court treats these motions as "one[s] for [partial] summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This approach is particularly

1  suitable here because the motions are directed at a single and specific question of law; both parties

2  have attached the relevant Plan-related documents with their respective motions; and plaintiff has

3  additionally submitted a statement of recent decision after the close of briefing.  *See*, *e.g.*, Dkt.

4  Nos. 29, 32, 36.  The Court finds that the parties have been "given a reasonable opportunity to

5  present all the material that is pertinent to the motion" as required by Rule 12(d).

6        Plaintiff asks the Court to find "that the applicable standard of review on plaintiff's ERISA

7  § 502(a)(1)(B) claim for benefits is *de novo*."  Dkt. No. 28 at i.  Defendant urges "an arbitrary and

8  capricious standard of review."  Dkt. No. 31 at ii.  The Court grants plaintiff's cross-motion and

9  denies defendant's cross-motion.

10       **DISCUSSION**

11       The United States Supreme Court's decision in *Firestone Tire and Rubber Co. v. Bruch*,

12 489 U.S. 101 (1989), frames the analysis.  After initially noting that "ERISA does not set out the

13 appropriate standard of review for actions under § 1132(a)(1)(B) challenging benefit eligibility

14 determinations," *id*. at 109, the Court held that "a denial of benefits challenged under

15 § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the

16 administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe

17 the terms of the plan."  *Id*. at 115.  So the first question is:  does the benefit plan here give

18 defendant discretionary authority as described in *Firestone*?

19       Both parties here have identified the same three documents as the relevant Plan-related

20 documents the Court should consider in answering this question:  (1) the Group Policy for FTI

21 Consulting, Inc.:  FTI Members Group Long Term Disability Insurance ("Group Policy"); (2) the

22 Group Booklet-Certificate for Members of FTI Consulting, Inc.:  All Members Group Long Term

23 Disability Insurance ("Group Booklet-Certificate"); and (3) FTI Consulting Inc.'s completed

24 Employer Application for Group Insurance -- MD.  *See* Dkt. No. 29, Exs. 1-3; Dkt. No. 32,

25 Exs. A-C.

26       As an initial matter, plaintiff acknowledges that language relating to defendant's

27 discretionary authority is contained in the Group Policy and the Group Booklet-Certificate.  *See*

28 Dkt. No. 28 at 2.  The Group Policy states that "[t]he Principal has complete discretion to construe

United States District Court
Northern District of California

or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided." *Id*. (quoting Dkt. No. 29, Ex. 1 at AR 8855). Similarly, the Group Booklet-Certificate, which was "drafted and issued by Principal," provides that "[w]e reserve complete discretion to construe or interpret the provisions of this group insurance, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided." Dkt. No. 28 at 2 (quoting Dkt. No. 29, Ex. 2 at AR 9068).

These discretionary provisions appear to bring an arbitrary and capricious standard of review into play under *Firestone*, but plaintiff demurs. Plaintiff argues that these provisions are invalid and unenforceable under California Insurance Code Section 10110.6(a). Dkt. No. 28 at 5-7. That Section, which became effective on January 1, 2012, provides that "[i]f a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable." Subsections (e) and (g) also expressly provide that "[t]his section applies to both group and individual products," and it "is self-executing. If a life insurance or disability insurance policy, contract, certificate, or agreement contains a provision rendered void and unenforceable by this section, the parties to the policy, contract, certificate, or agreement and the courts shall treat that provision as void and unenforceable."

Defendant does not dispute that plaintiff is a resident of California. Dkt. No. 31 at 3. Nor does defendant argue that the Plan is not a "policy, contract, certificate, or agreement . . . that provides or funds . . . disability coverage for" plaintiff (a California resident). Defendant also makes no claim that the Plan was not "offered, issued, delivered, or renewed" after the effective date of Section 10110.6(a) but before plaintiff's claim accrued. *See Gonda v. The Permanente Med. Grp., Inc.*, 10 F. Supp. 3d 1091 (N.D. Cal. 2014).

3

The only argument defendant does make against the applicability of California Insurance Code Section 10110.6(a) is that "the Group Policy contains an express choice of law provision, stating that the laws of the state of Maryland apply to the Group Policy." Dkt. No. 31 at 3. But while both parties make arguments about the enforceability of this choice of law provision, and about whether or not the undisputed discretionary provisions would be valid under Maryland law, these arguments are irrelevant to the question at hand.

On its face, California Insurance Code Section 10110.6, which is "self-executing," expressly applies to policies, contracts, certificates or agreements that were offered, issued, delivered or renewed "whether or not in California." The plain language of the Section voids discretionary provisions even if the relevant policy, contract, certificate or agreement contains a choice of law provision that ultimately results in the substantive rights and obligations of the parties being governed by the laws of a state other than California.

Consequently, the Court agrees with the reasoning in the cases of *Rapolla v. Waste Management Employee Benefits Plan*, Case No. 13-cv-02860-JST, 2014 WL 2918863, at *5 (N.D. Cal. June 25, 2014), and *Snyder v. Unum Life Ins. Co. of America*, Case No. CV-13-07522-BRO (RZx), 2014 WL 7734715, at *10-11 (C.D. Cal. Oct. 28, 2014). As *Snyder* held, although "choice of law provisions in ERISA contracts should be followed so long as they are 'not unreasonable or fundamentally unfair,'" allowing a choice of law provision to trump California Insurance Code Section 10110.6 on the narrow issue of the applicable standard of review for a denial of benefits would subvert the right to a "fair review of claims denials" that was granted by the California legislature to all California residents. 2014 WL 7734715, at *11. While defendant points to *Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*, No. C 13-02710 JSW, 2014 WL 2737840 (N.D. Cal. June 11, 2014), as the more persuasive case, *see* Dkt. No. 35 at 4, the Court finds that *Doe* does not actually address this issue head-on -- it refers only generally to "California law" without making any express reference to California Insurance Code Section 10110.6. To the extent *Doe* can be read to support the conclusion that a choice of law provision can trump the applicability of Insurance Code Section 10110.6 on the question of the applicable standard of review in a claim denial case, the Court disagrees with it.

# CONCLUSION

The single issue before the Court is the standard of review the Court should apply in reviewing defendant's denial of long term disability benefits to plaintiff. The Court finds that on that issue, there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law under Rule 56(a) of the Federal Rules of Civil Procedure.

Although it is undisputed that the relevant Plan documents contain provisions conferring upon defendant the discretionary authority to "construe or interpret the provisions of this group insurance" and to "determine [plaintiff's] eligibility for benefits," the Court finds those provisions to be void and unenforceable under California Insurance Code Section 10110.6. Consequently, the Court finds that under *Firestone*, 488 U.S. 101, the denial of plaintiff's benefits (which she challenges under 29 U.S.C. § 1132(a)(1)(B)) must be reviewed under a *de novo* standard.

The Court sets a case management conference for December 9, 2015, at 1:30 p.m. to discuss the next steps in this case in light of this order. The parties are to file a joint status statement with a revised case management schedule by December 2, 2015.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
JAMES DONATO
United States District Judge

Exhibit "3", 000005