1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY FLAAEN,

                    Plaintiff,

        v.

MCLANE COMPANY, INC. AND
PRINCIPAL LIFE INSURANCE
COMPANY, INC.,

                    Defendants.

CASE NO. C15-5899BHS

ORDER REQUESTING
ADDITIONAL BRIEFING AND
RENOTING MOTION

14    This matter comes before the Court on Plaintiff Anthony R. Flaaen's ("Flaaen")

15 motion for partial summary judgment (Dkt. 16). The Court has considered the pleadings

16 filed in support of and in opposition to the motion and the remainder of the file and

17 hereby rules as follows:

18                         **I. PROCEDURAL HISTORY**

19    On December 10, 2015, Flaaen filed a complaint for long term disability benefits

20 against Defendants McLane Company, Inc. ("McLane"), and Principal Life Insurance

21 Company, Inc. ("Principal").  Dkt. 1.  Flaaen's sole claim is wrongful denial of benefits

22

under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

("ERISA").  *Id*.  On February 1, 2016, Flaaen dismissed McLane.  Dkt. 6.

On June 22, 2016, Flaaen filed a motion for partial summary judgment arguing that the applicable long term disability plan's ("LTD") discretionary clause is invalid and unenforceable as a matter of law. Dkt. 16.  On July 25, 2016, Principal responded.  Dkt. 17.  On July 29, 2016, Flaaen replied.  Dkt. 18.

## II. FACTUAL BACKGROUND

On June 12, 1989, McLane hired Flaaen as a truck driver in Tacoma, Washington. At all times relevant to this matter, Flaaen resided in Tacoma, Washington.  Dkt. 16-1, Declaration of Chris Roy, ¶ 6.

On August 31, 2005, McLane applied for a group LTD plan with Principal.  *Id*., Exh. B.  On January 1, 2006, Principal issued a LTD plan effective that day.  *Id*., Exh. A ("Plan").  Relevant to this matter, the Plan contains a provision entitled "Policy Interpretation," which provides as follows:

> The Principal has complete discretion to construe or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. The decisions of The Principal in such matters shall be as between The Principal and persons covered by this Group Policy, subject to the Claims Procedures in PART IV, Section Q of this Group Policy.

*Id*., Section A, Article 9.

In addition to the Plan, Principal created an additional document entitled "Group Booklet Certificate."  *Id*., Exh. C ("Certificate").  The third page of the Certificate provides as follows:

Summary Plan Description for Purposes of Employee Retirement
Income Security Act (ERISA):
    This Booklet-Certificate (including any supplement) may be utilized
in part in meeting the Summary Plan Description requirements under
ERISA for insured teammates (or those listed on the front cover) of the
Policyholder who are eligible for Group Long Term Disability insurance.

*Id*. at 3.  The Certificate also states that "[t]he insurance provided in this booklet is

subject to the laws of TEXAS."  *Id*. at 5.

    The record does not accurately reflect when or how Flaaen qualified for benefits

under the Plan.  Flaaen alleges that he applied for benefits on April 10, 2007, Dkt. 1, ¶

5.1, yet he asserts in his brief that "[a]round January 1, 2016, [he] applied to participate in

the Plan," Dkt. 16 at 3.  Flaaen alleges that on December 24, 2014, Principal denied him

benefits under the Plan.  Dkt. 1, ¶ 5.3.  After two appeals, Principal upheld their denial on

December 7, 2015.  *Id*., ¶¶ 5.4–5.7.  For the purposes of this motion, the Court will

assume that it is undisputed that Flaaen was eligible for benefits under the Plan and that

the parties are not seeking an advisory opinion.

### III. DISCUSSION

**A.    Standard**

    Summary judgment is proper only if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

In this case, the facts are undisputed and the parties seek only (1) a determination whether

the Plan is governed by the laws of Texas and (2) a determination whether the Policy

Interpretation clause is valid and enforceable in Washington.

1  **B.      Washington's Prohibition of Discretionary Clauses**

2          The parties do not dispute that discretionary clauses are prohibited in Washington.

3  WAC § 284-96-012 (2009).  The parties, however, do dispute whether this prohibition

4  applies to the Plan.  Principal argues that Washington insurance law applies only to

5  contracts issued and delivered in Washington and, because the Plan was negotiated,

6  issued, and delivered in Texas, the Plan's discretionary clause is valid and enforceable in

7  Washington.  Dkt. 17 at 8–9.  In his reply, Flaaen counters that the scope of

8  Washington's insurance regulations includes policies that affect Washington residents.

9  Dkt. 18 at 6.  Flaaen's argument has merit because Washington's insurance code provides

10 that "[a]ll insurance and insurance transactions in this state, or affecting subjects located

11 wholly or in part or to be performed within this state, and all persons having to do

12 therewith are governed by this code."  RCW 48.01.020 ("Scope of code.")  The Court

13 concludes that Principal should have an opportunity to respond and that the parties should

14 also address whether the Court should certify this question to the Washington Supreme

15 Court.  *See Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1093, 1097 (9th Cir.

16 2003) ("Because this question of state contract law is not entirely settled in Washington,

17 and because, if clarified definitively by the Washington State Supreme Court, the answer

18 will have far-reaching effects on those who contract in, or are subject to, Washington

19 law, we have concluded that an appropriate course of action for us is to certify this issue

20 to the Washington State Supreme Court.")

21

22

1  **C.    Plan Documents**

2       An ERISA fiduciary must distribute benefits "in accordance with the documents

3  and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).  "The Supreme Court

4  has specifically excluded the statutorily mandated summary plan description, listed in §

5  1024(b)(4), as a source of the plan's governing terms." *Becker v. Williams*, 777 F.3d

6  1035, 1039 n.3 (9th Cir. 2015).  "[O]nly those [documents] that provide information as to

7  'where [the participant] stands with respect to the plan,' such as [a summary plan

8  description] or trust agreement might, could qualify as governing documents with which

9  a plan administrator must comply in awarding benefits under § 1104(a)(1)(D)." *Id.*

10      In this case, the parties dispute whether the Certificate is a summary plan

11 description ("SPD").  The Certificate states that it "may be utilized in part in meeting the

12 Summary Plan Description requirements under ERISA for insured teammates . . . ."

13 Certificate at 5.  Principal argues that such permissive language does not convert the

14 entire Certificate into a SPD.  In other words, Principal argues that the Certificate is a

15 type of hybrid document in which portions may qualify as a SPD and other portions do

16 not, such as the choice of law provision.  The "hybrid theory" appears to be a question of

17 first impression.  Thus, before definitively ruling on this issue, the Court requests

18 additional briefing on whether a single document may qualify as both a SPD and a plan

19 document.

20                               **IV. ORDER**

21      Therefore, it is hereby **ORDERED** that (1) the parties may file simultaneous

22 supplemental responses no later than September 30, 2016, and supplemental replies no

1    later than October 7, 2016, and (2) the Clerk shall renote Flaaen's motion for

2    consideration on the Court's October 7, 2016 calendar.

3         Dated this 19th day of September, 2016.

4

5

                               BENJAMIN H. SETTLE

6                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6