THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY R. FLAAEN,<br><br>  Plaintiff,<br><br>  v.<br><br>MCLANE COMPANY, INC, et al.,<br><br>  Defendants. | No.: 3:15-cv-05899-BHS<br><br>SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW |

COMES NOW plaintiff, Anthony Flaaen ("Flaaen"), in response to the Court's Order Requesting Additional Briefing and Renoting Motion.

**MATTER SUMMARY**

This is an ERISA 29 U.S.C. § 1132(a)(1)(B) action through which Flaaen is seeking judicial review of Principal's denial of his long term disability (LTD) insurance benefits. Principal contends its denial should be reviewed for *abuse of discretion*. Flaaen's motion for partial summary judgment asserts that Principal's denial be reviewed *de novo* due to the application of WAC 284-96-012 and RCW 48.01.020.

Page 1 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

# FACTS

At all times material to this action, Flaaen lived in Tacoma, Washington, where he was employed by McLane Company, Inc. ("McLane") as a truck driver. McLane procured a group LTD insurance plan ("Plan") with Principal to offer as a benefit to its employees. The Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The Plan contains a discretionary clause, but does not contain a choice of law provision. The Plan also states it was issued in Texas.

Around January 1, 2016, Flaaen applied to participate in the Plan, which application was accepted and a Group Booklet-Certificate ("Certificate") was delivered to Flaaen in Washington. The Certificate contains a Choice of Law provision, which provides that "The insurance provided in this booklet is subject to the laws of the state of TEXAS." Declaration of Chris Roy in Support of Plaintiff's Motion for Partial Summary Judgment Re: De Novo Standard of Review as Exhibit "A" (Roy Declaration). [DE 16-1, p. 3-68].

# ARGUMENT

**A.   The terms of the Certificate are not incorporated into the Plan.**

The Plan is a comprehensive document with a definition section defining key terms. Notwithstanding assertions of Principal, the Certificate is not part of the Plan.

Group Policy

> The policy of group insurance issued to the Policyholder by The Principal which describes benefits and provisions for insured Members.

Roy Declaration, Exhibit A, page 13. [DE 16-1, p. 15].

Page 2 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

Member

> Any HOURLY/DRIVER TEAMMATE who is a full-time employee of the Policyholder or a Participating Unit and who regularly works at least 30 hours a week. Work must be at the Policyholder's or a Participating Unit's usual place or places of business, at an alternative worksite at the direction of the Policyholder or a Participating Unit, or at another place to which the employee must travel to perform his or her regular duties. This excludes any person who is scheduled to work for the Policyholder or a Participating Unit on a seasonal, temporary, contracted, or part-time basis.

Roy Declaration, Exhibit A, page 14. [DE 16-1, p. 16].

Policyholder

> The entity to whom this Group Policy is issued (see Title Page). The Policy holder is the agent of the Member for transactions related to this insurance. The actions of the Policy holder will not be considered actions of The Principal.

Roy Declaration, Exhibit A, page 17. [DE 16-1, p. 19-20].

Article 1 – Entire Contract

> This Group Policy, the current Certificate, the attached Policy holder application, and any Member applications make up the entire contract. <u>The Principal is obligated only as provided in this Group Policy</u> and is not bound by any trust or plan to which it is not a signatory party.

Roy Declaration, Exhibit A, page 21. [DE 16-1, p. 23] (Emphasis Added).

Article 7 – Certificates

> <u>The Principal will give the Policyholder Individual Certificates **for delivery to insured Members**</u>. The delivery of such Certificates will be in either paper or electronic format. <u>The individual Certificates will be evidence of insurance and will describe the basic features of the benefit plan.</u> They **will not be considered a part of this Group Policy**.

Roy Declaration, Exhibit A, page 23. [DE 16-1, p. 25] (Emphasis Added).

Page 3 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

Article 7 states that the Certificate "… will not be considered a part of this Group Policy." While Article 1 states that the Certificate is part of the "entire contract" it goes on to say that "… Principal is obligated only as provided in this Group Policy." One must wonder how a document can be part of a contract but Principal is not bound by it? Principal simply cannot have it both ways, and at most, the first and last sentences of Article 1 create an ambiguity that must be interpreted against Principal. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550 (9th Cir. 1995), *cert. denied*, 516 U.S. 908 (1995). While Principal has asserted that the Certificate "… does not create any additional obligations (or rights for Plaintiff) that the Group Policy does not offer…" the Choice of Law clause is in the Certificate and this clause benefits Principal and obligates Flaaen. [DE 17, p. 15.] Further ambiguity is created by the phrase "entire contract" when the Plan utilizes the phrase "Group Policy" to label its agreement.

Even if a term in the Certificate that is not set forth in the Plan can be enforced, it merely states that "[t]he insurance provided in this booklet is subject to the laws of the state of TEXAS." Roy Declaration, Exhibit C, p. 000005. [DE 16-1, p. 78]. The benefits are provided under the Plan, not the "booklet." This vague language in the Certificate does not approach from the choice of law provision that the Ninth Circuit found enforceable in *Wang Labs*. 990 F.2d at 1128. In *Wang Labs*, "the ERISA plan stated that the rights and obligations of the parties were to be 'governed by the law of Massachusetts, and all questions pertaining to the validity and construction of such rights and obligations shall be determined in accordance with such law.'" Id. Because the language in the Certificate does not clearly state that Flaaen's rights to benefits under the Plan will be determined under Texas law, the language in the Certificate cannot be deemed an enforceable "choice of law clause."

Page 4 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

In the Plan's "Legal Action" section, there is no mention of Texas law. Roy Declaration, Exhibit A, p. 000060-000061. [DE 16-1, p. 62-63]. Under "Legal Action" in the Certificate, there is no mention of Texas law. Roy Declaration, Exhibit C, p. 000035. [DE 16-1, p. 108]. The statement purporting to subject the Plan to Texas law is contained in a preface written by Principal and precedes even the table of contents; basically in a location that one would not expect to find a term that greatly affects one's legal rights. The statement is vague and does not establish that the parties intended that the laws of Texas would govern any dispute concerning the denial of Plan benefits. If the Court finds this statement is enough to constitute the Plan's choice of law provision, it is not enforceable because its location in the introductory statement of the Certificate cannot be considered "reasonably communicated" to Flaaen. *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992). Principal argues that the Plan was "negotiated with" McLane a Texas company, who is not even a party to this action. There is no evidence to suggest that McLane negotiated or agreed to a choice of law provision. In the agreement between McLane and Principal, there is no provision which states that the Plan will be governed by Texas law. Roy Declaration, Exhibit A, p. 000001-000066. [DE 16-1, p. 3-68].

**B.     If Principal is correct, and the Certificate is incorporated in the Plan, then it brings the Plan under Washington's Insurance Code, barring both the choice of law and discretionary review clauses.**

Principal has admitted that the Certificate was issued to McLane for delivery to Flaaen. Declaration of Nancy Taylor in Support of Defendant Principal Life Insurance Company's Response Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, ¶ 3, p. 1-2 [DE 17-1, p. 1-2]. Since Flaaen was a Washington resident, this means it was issued for delivery in Washington. RCW 48.18.200 is unambiguous:

Page 5 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

  (1) <u>No insurance contract delivered or issued for delivery in this state</u> and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
    (a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or
    (b) depriving the courts of this state of the jurisdiction of action against the insurer; or
    (c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In contracts of property insurance, or of marine and transportation insurance, such limitation shall not be to a period of less than one year from the date of the loss.
  (2) <u>Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.</u>

(Emphasis Added).

Principal also asserts that under Article 1 of the Plan, the Certificate is part of the Entire Contract of insurance. [DE 17, p. 14] By Operation of RCW 48.18.200, if the Certificate is part of the Plan, as Principal asserts, then the choice of law clause must be read out of the Plan and the Plan must be interpreted in accordance to Washington law. RCW 48.18.200; RCW 48.01.020. Once brought under Washington law, the regulations adopted by the Washington Insurance Commissioner must be applied, RCW 48.02.060(3)(A), including WAC 284-96-012's prohibition of discretionary clauses.

  **C.** **Application of the Choice of Law clause in the Certificate would be unreasonable or fundamentally unfair.**

If the Court finds that terms of the Certificate are incorporated into the Plan, and that the asserted choice of law clause was reasonably communicated to Flaaen, then it is enforceable unless its application would be unreasonable or fundamentally unfair. *Wang Labs. v. Kagan*, 990 F.2d 1126 (9th Cir. Cal. 1993). Flaaen directs the

Page 6 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

Court to its opening memorandum [DE 16, p. 12], for a general discussion of this subject and the reasoning why enforcement would be unreasonable and fundamentally unfair. Moreover …

### D. Application of WAC 284-96-012's prohibition against discretionary clauses should be upheld on the narrow issue of standard of review even if the choice of law provision is enforceable.

In a factually similar case, *Snyder v. Unum Life Ins. Co. of Am.*, the District Court for the Central District of California, was confronted with an LTD plan covering a California resident, which contained a Virginia choice of law provision. First recognizing that choice of law clauses are generally valid in the ERISA context, the court turned to the applicable California statute, holding that California's prohibition applied "regardless of where the policy was offered, issued, delivered, or renewed." *Snyder v. Unum Life Ins. Co. of Am.*, Case No. CV 13-07522 BRO (RZx), 2014 U.S. Dist. LEXIS 181886, * 28; 2014 WL 7734715 (CD CA October 28, 2014). The court held "… the instant dispute does not concern the LTD Policy or SPD's proper interpretation. Rather, the dispute concerns the substantive right of insured Californians to a fair review of claims denials." *Id*. See also, *Hirschkron v. Principal Life Ins. Co.*, 141 F. Supp. 3d 1028, 1031 (N.D. CA 2015)("As Snyder held, although 'choice of law provisions in ERISA contracts should be followed so long as they are 'not unreasonable or fundamentally unfair,' allowing a choice of law provision to trump California Insurance Code Section 10110.6 on the narrow issue of the applicable standard of review for a denial of benefits would subvert the right to a 'fair review of claims denials' that was granted by the California legislature to all California residents.")

While it is unmistakable that the *Snyder* court was interpreting a self-executing statute that has been the subject of repeated litigation in multiple

Page 7 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

California Districts, when Washington's prohibition is interpreted in line with Washington's entire Insurance Code, a similar result must be reached.

The Washington Legislature has made a clear statement that insurance impacts the public interest, and the "…duty of preserving inviolate the integrity of insurance" rests on all participants to the insurance transaction. RCW 48.01.030. The legislature has similarly adopted an equally broad scope of regulatory authority:

> All insurance and insurance transactions in this state, or affecting subjects located wholly or in part or to be performed within this state, and all persons having to do therewith are governed by this code.

RCW 48.01.020.

It is under this broad scope that the prohibition was adopted.

The Plan falls within RCW 48.01.020 in that the unambiguous terms of the Plan state that the Certificate was issued for delivery to the member – delivery in Washington, an Insurance Transaction, as is the payment of premiums. RCW 48.01.060. Further, the Plan affects subjects in Washington, and Flaaen is a "Person" having to do with insurance. RCW 48.01.020.

Once the Plan is brought under the statutory umbrella of Washington, the state's regulations follow. RCW 48.02.060(3)(a).

In adopting the prohibition, the Insurance Commissioner noted:

> Under RCW 48.01.030 carriers are required to act in good faith with regard to the business of insurance, and if current contracts or policies contain discretionary clauses, are required to administer them as though they did not contain discretionary clauses. A uniform policy of banning discretionary clauses will ensure that all carriers will be subject to the same rules and will not suffer competitive disadvantages….. Consumers will receive the benefits and protections in their insurance contracts because when benefits are denied and then reviewed, courts will review the record without deferring to the carrier's exercise of discretion in making its decision.

WSR 09-07-030 (http://lawfilesext.leg.wa.gov/law/wsr/2009/07/09-07-030.htm).

Page 8 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

The Insurance Commissioner's rationale echo's the *Snyder* Court's reasoning – ensuring the fair review of claims denials. Even if Principal is correct, and the asserted choice of law language is enforceable, it should not be allowed to trump WAC 284-96-012 on the narrow issue of the applicable standard of review as it would trump the legislature's requirement that carriers operate in good faith and equity. RCW 48.01.030.

### E. Questions on RCW 48.01.020 need not be referred to the Washington Supreme Court.

As noted by the Ninth Circuit:

> Discretionary clauses are controversial. The National Association of Insurance Commissioners ("NAIC") opposes their use, arguing that a ban on such clauses would mitigate the conflict of interest present when the claims adjudicator also pays the benefit. The use of discretionary clauses, according to NAIC, may result in insurers engaging in inappropriate claim practices and relying on the discretionary clause as a shield.

*Standard Ins. Co. v. Morrison*, 584 F.3d 837, 840 (9th Cir. 2009).

Pushed in part by the actions of NAIC and questionable insurance practices, twenty-seven states and territories[1] have taken affirmative action to ban or limit discretionary clauses as of 2014, including Colorado (Colo. Rev. Stat. § 10-3-1116(2) (2008)), Connecticut (Conn. Ins. Dep't. Bulletin HC-67, (March 19, 2008)), Hawaii (Hawaii Commissioner's Memorandum 2004-13H (Dec. 8, 2004)), Idaho (Idaho Administrative Code § 18.01.29.011 (2011)), Illinois (50 Ill. Admin. Code § 2001.3 (2005)), Indiana (Ind. Dep't. of Ins., Bulletin 103 (May 8, 2001)), Kentucky (Kentucky Dep't of Ins., Advisory Opinion 2010-01 (March 9, 2010)), Maine (Me. Rev. Stat. Ann. tit. 24 § 4303 (2011)), Maryland (MD Code Ann., Ins. § 12-211 (2005)), Michigan (Mich. Admin. Code r. 500.2201 et seq., 550.111 et seq., 550.301 et seq. (2007)), Montana (Mont.Code Ann. § 33-1-502 (2011)), New Jersey (N.J. Admin.

---

[1] See http://www.naic.org/store/free/MDL-42.pdf

Page 9 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

Code tit. 17B § 11:4-58.1 et seq. (2010)), New York (New York, Ins. Dep't, Circular Letter No. 14 (June 29, 2006)), Oregon (Or. Rev. Stat. § 742.005 (2011)), South Dakota (S.D. Admin. R. § 20:06:52:02 (2010)), Texas (28 Tex. Admin. Code § 3.1202 et seq. (2010)), Utah (Utah Admin. Code R590-218 (2012)), Washington (Wash. Admin. Code §§ 284-44-015, 46-015, 50-321, 96-012 (2012)), and Wyoming (Wyo. Stat. Ann. § 26-13-301 et seq. (1977)).

Had Flaaen's injury occurred just around three years later, the discretionary clause in dispute would not be enforceable in Texas and the parties would not be before the court. Given the action taken at the state level to limit discretionary clauses, the pool of affected individuals who may be impacted by the court's decision is steadily declining, thus clarification of the scope of RCW 48.01.020 by the Washington Supreme Court will not have far-reaching effects.

## CONCLUSION

Washington's prohibition on discretionary clauses should be applied to the Plan and Flaaen's motion should be granted.

DATED this 30th day of September 2016.

/s/ Chris Roy
Chris Roy, WSB # 29070
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH:   503-206-4313
FAX:  855-344-1726
chris@roylawpdx.com

Page 10 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 30th, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys/parties of record.

Dated this 30th day of September, 2016.

*/s/ Chris Roy*
Chris Roy, WSB # 29070
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH: 503-206-4313; FAX: 855-344-1726
chris@roylawpdx.com

Page 11 – SUPPLEMENTAL RESPONSE FOR PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *DE NOVO* STANDARD OF REVIEW

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL  503-206-4313
FAX 855-344-1726
chris@roylawpdx.com