Hon. Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ANTHONY FLAAEN,<br>        Plaintiff,<br>vs.<br><br>MCLANE COMPANY, INC. dba MCLANE/ NORTHWEST; MCLANE COMPANY, INC. dba MCLANE/NORTHWEST LONG-TERM DISABILITY PLAN; and PRINCIPAL LIFE INSURANCE COMPANY,<br>        Defendants. | Case No. 3:15-cv-05899-BHS<br><br>**DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:** *De Novo* **STANDARD OF REVIEW**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 7, 2016** |

**I. INTRODUCTION**

After Plaintiff Anthony Flaaen's ("Plaintiff") motion for partial summary judgment on the applicable standard of review was fully briefed, the Court ruled on September 19, 2016, ordering supplemental responses due on September 30, 2016 and supplemental replies due on October 7, 2016. [DE #21]  The issues to be specifically addressed by the parties are Washington's regulatory prohibition of discretionary clauses, WAC §284-96-012(1), and its applicability to the Group Policy at issue as well as the nature of the Booklet-Certificate issued by Principal Life Insurance Company ("Principal Life") to the policy holder McLane

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 1
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

Company, Inc. for distribution to its employees. Finally, the court requested the parties' position on whether the court should certify the question of the range of Washington's insurance code to the Washington State Supreme Court.

This is a matter governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"). Incident to his employment with McLane Company, Inc. Plaintiff seeks long term disability benefits afforded to eligible participants under McLane Company, Inc.'s employee welfare benefit plan ("Plan"). As opposed to self-funding the benefits afforded to its eligible employees under its Plan, McLane Company, Inc. contracted with Principal Life to insure the benefits. Principal Life issued Group Policy No. H25974 to McLane Company, Inc. with an issue date of January 1, 2006. The Group Policy was applied for, negotiated for, issued, paid for and delivered in Texas. In accordance with Texas law, it includes a valid discretionary clause, conveying discretionary authority to Principal Life to make claim determinations and interpret the terms of the Group Policy and the Plan. Under Ninth Circuit law, where the plan "does grant such discretionary authority, we review the administrator's decision for abuse of discretion." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 866 (9th Cir. 2008).

The Group Policy at issue is neither insurance nor an insurance transaction in the state of Washington nor does it affect subjects located wholly or partially in Washington or performed in Washington. As such, the scope of Washington's Revised Code does not encompass the Group Policy at issue. As such, WAC §284-96-012(1) does not apply to this Group Policy, issued on a Texas approved form to a Texas insured.

Moreover, the Booklet-Certificate is part of the Group Policy per the Policy's express language and there is no evidence that it was indeed used at any point in time by McLane

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 2
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

Company, Inc. as part of or entirely as its Summary Plan Description.  It contains an express choice of law provision which under settled law is considered valid and applicable to the situation at issue.

For all of these reasons, the arbitrary and capricious standard of review applies to this Court's review of Principal Life's claim decision.

## II. LEGAL ARGUMENT

### A. WAC §284-96-012 Only Applies To Insurance Contracts Issued And Delivered In Washington.

In its opening brief, Principal Life expressly addressed the intended scope of WAC §284-96-012. It pointed out that the comments related to the proposal of the provision make clear that the section was intended to only apply to insurance contracts offered in Washington, http://lawfilesext.leg.wa.gov/law/wsr/2009/07/09-07-030.htm, which the one at issue was not, but Washington law also otherwise clarifies that it only applies to disability group insurance policies which are subject to approval by the Washington state insurance commissioner. RCW §48.18.120; RCW §48.21.010(2)(b) (acknowledging that the Washington Insurance commissioner has no regulatory authority about insurance policies issued and delivered in other states.)

In his reply brief, Plaintiff invoked RCW §48.01.020, the "Scope of code" provision relative to the Washington Insurance Code. [DE #21, p. 4]  The Scope of code provision indicates that the code is applicable to "[a]ll insurance and insurance transactions in this state, or affecting subjects located wholly or in part or to be performed within this state, and all persons having to do therewith are governed by this code."  RCW §48.01.020.  Principal Life

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 3
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

respectfully submits that the scope of the Insurance code as set out in RCW §48.01.020 does not place the Group Policy at issue within the scope of the Insurance Code.

As set out on its face, the Group Policy is neither insurance nor an insurance transaction in the State of Washington. As clearly demonstrated in Principal Life's response brief, and on the face of the insurance contract documents, the Group Policy was negotiated and transacted for and subsequently issued and delivered in Texas. Moreover, the Group Policy does not "affect[] subjects located wholly or in part or to be performed within this state." RCW §48.01.020. The subject matter of the Group Policy was to fund McLane Company, Inc.'s employee welfare benefit plan administered in Texas – no part of which is, either wholly, or partially, located in Washington. Moreover, the insurance contract's subject matter was not to be performed within this state but rather within Texas, where the subject matter of the insurance (the Plan, which afforded the benefits to be insured) was located – McLane Company, Inc.'s employee welfare benefit plan. While Plaintiff may argue that the scope of the statute includes insurance contracts affecting citizens of the State of Washington, and therefore, the present Group Policy should be subject to Washington law, RCW §48.01.020, Plaintiff overlooks that he is not the subject matter of the Group Policy and to the extent he is a person having to do with the insurance, his presence in Washington does not make the Code applicable to the Group Policy at issue, if the Group Policy otherwise is not governed by Washington law per RCW §48.01.020. Only this interpretation corresponds with the previous version of the statute and related case law.[1] *See State ex rel. North Coast Fire*

---

[1] The previous version of the statute reads as follows:

> All domestic insurance companies, now or hereafter formed under the laws of this state, and every insurance agent, solicitor, broker, surveyor, or adjuster, doing business in this state, and all insurance business transacted in whole or in part

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 4
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

*Ins. Co. v. Schively,* 68 Wash. 148 (Wash. 1912); *Griesemer v. Mutual Life Ins. Co.*, 10 Wash. 202, 38 P. 1031, 1894 Wash. LEXIS 188 (Wash. 1894*); Griesemer v. Mutual Life Ins. Co.,* 10 Wash. 211, 38 P. 1034, 1894 Wash. LEXIS 189 (Wash. 1894).

As such, as already set out, the discretionary clause prohibition in WAC §284-96-012 does not apply to the Group Policy at issue and the discretionary clause in the Group Policy is valid and applicable, triggering an arbitrary and capricious standard of review.

**B. Additionally, the Group Insurance Contract Contains A Valid Choice Of Law Provision, Mandating The Application Of Texas Law To The Group Policy.**

Aside from the general premise that the law of the state of issue applies to an insurance policy, the Group Policy also contains an express choice of law provision. It is settled Washington law that a choice of law provision in a group insurance policy should be considered as governing. Washington courts generally enforce choice-of-law provisions. *Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1218 (W.D. Wash. 2014); *Schnall v. AT&T Wireless Services, Inc.,* 171 Wn.2d 260, 259 P.3d 129, 131-32 (Wash. 2011) (internal quotations and citations omitted). Washington's unique choice-of-law rules that apply in the group insurance policy context require that "[r]ights against the insurer under a group policy are generally governed by the law of the state where the master policy was delivered." *Erickson v. Sentry Life Ins. Co.*, 43 Wash. App. 651, 719 P.2d 160, 162 (1986). The rationale behind this rule recognizes that it is "desirable that each individual insured should enjoy the

---

within or outside of this state, the subject-matter of which insurance is located wholly or in part in this state, and any marine insurance made, effected, or placed by any company through any agent or broker in this state, unless otherwise provided, shall be subject to and be governed by this act; and the records of each insurance company, agent, solicitor, broker, surveyor or adjuster doing business in this state shall be subject to the inspection and examination of the commissioner, his deputy, or examiner. Laws 1911, p. 177.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 5
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

same privileges and protection." Restatement (Second) of Conflict of Laws § 192, comment h (1971). When coupled with a choice-of-law provision, this rule gives effect to the "purpose of the parties to the contract that everywhere it shall have the same meaning and give the same protection, and that inequalities and confusion liable to result from applications of diverse state laws shall be avoided." *Boseman v. Connecticut Gen. Life Ins. Co.,* 301 U.S. 196, 206, 57 S. Ct. 686, 81 L. Ed. 1036 (1937). The validity of a choice-of-law provision is even more likely to be upheld in the group disability insurance context, such as here, than the individual insurance context due to the stronger bargaining position that the organization procuring the master policies possesses relative to the individual. Restatement § 192, comment h (explaining that the choice-of-law provision for a group disability insurance contract "is less likely to have a 'take-it-or-leave-it' character").

In this context, the Western District of Washington also confirmed that generally a choice of law provision is located in the Certificate of Coverage. *Karpenski, supra.* Where a provision of the Certificate of Insurance conflicts with the Master Policy, the Certificate will ordinarily be held to control. *See Fittro v. Lincoln Nat. Life Ins. Co*., 111 Wn.2d 46, 757 P.2d 1374, 1378 (1988) (concluding that "as a matter of public policy, insurance companies operating under a statutory mandate to issue certificates of coverage to holders of group insurance policies will be held to the terms it chooses to place in the certificate.")

The choice of law provision here is located in the Booklet-Certificate (of coverage) and as such, is certainly applicable and under Washington law, in case of a conflict, even controls. Additionally, however, the Group Policy here contains an incorporation clause, which expressly makes the Booklet-Certificate a part of the Group Policy. (Ex. B to Principal Life's Response, Part II, Sect. A, GC 3006 TX) As such, the insurance contract's choice of law

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 6
Case No. 3:15-cv-05899-BHS

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

2176307v.1


provision in favor of Texas law is placed exactly right to be effective – in the Booklet-Certificate, which provides evidence of the insurance to the participants, including Plaintiff.

Only this conclusion is further supported by cases examining choice of law provisions in an ERISA governed context. It is settled law in the Ninth Circuit that in determining the applicable standard of review a choice of law provision in an ERISA plan should be followed unless unreasonable or fundamentally unfair. *See Fenberg v. Cowden Auto. Long Term Disability Plan*, Nos. 05-17192, 06-15132, 259 Fed. Appx. 958, 2007 U.S. App. LEXIS 29438, *1 (9th Cir. Dec. 17, 2007); *Gonda v. The Permanente Medical Group, Inc.*, No. 11-cv-01363-SC, 2015 U.S. Dist. LEXIS 18892 (N.D. Cal. Feb. 17, 2015) (acknowledging that *Fenberg* had broaded the application of *Wang* [*Lab v. Kagan*, 990 F.2d 1126 (9th Cir. 1993)] to determinations of the applicable standard of review in ERISA benefits cases, *id.* at *21, FN. 2); *Doe v. PriceWaterHouseCoopers Health & Welfare Plan*, No. C 13-02710 JSW, 2014 U.S. Dist. LEXIS 81071 (N.D. Cal. June 11, 2014) (upholding choice of law provision in ERISA plan.); *see also Gordon v. Doe*, No. 10-35030, 459 Fed. Appx. 681 (9th Cir. Nov. 28, 2011) (federal courts apply law of state identified in contract); *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993); *Jimenez v. Sun Life Assur. Co. of Can.*, No. 11-30872, 486 Fed. Appx. 398, 406 (5th Cir. 2012) (rejecting argument that Louisiana insurance law precluded policy exclusion used to deny benefits because policy contained a Texas choice of law provision); *Greenberg v. Aetna Life Ins. Co.,* No. 10-2083-cv, 421 Fed. Appx. 124, 125 (2d Cir. May 11, 2011) (upholding Policy's Pennsylvania choice of law provision.); *Young v. Verizon's Bell Atl. Cash Balance Plan,* 615 F.3d 808, 816 (7th Cir. 2010) (relying on choice of law provision in ERISA plan in deciding which state's statute of limitations to apply); *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189 (11th Cir. 2010) (holding that "where a choice of law is

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 7
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair."); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438-39 (5th Cir. 2003); *Buce v. Allianz Life Insurance Company*, 247 F.3d 1133, 1149 (11th Cir. 2001); 5-15 The Law of Life and Health Insurance § 15.02 (2014) ("It seems to be generally accepted that a choice of law provision in an ERISA policy will be given effect as long as it is not unreasonable or unfair.").

While the question has arisen as to whether the Booklet-Certificate is McLane Company Inc.'s Summary Plan Description for its long term disability plan, not surprisingly, Plaintiff has presented no evidence – as he cannot -- in support of this speculation and hangs his hat solely on permissive language in the supplement to the Booklet-Certificate. That does not suffice to support his claim that the Booklet-Certificate -- which is the standardly recognized document to set out the terms of coverage to individual members in the group insurance context, *compare Boseman, supra, Karpenski, supra* -- is a Summary Plan Description and not a plan document.

As already set out above, the Booklet-Certificate in this specific case is even fully integrated into the Group Policy of insurance by way of the Group Policy's integration clause (Ex. A at p. Part II, Sect. A, GC 3006 TX) – SPD's are generally not integrated. *See Grosz-Salomon v. Paul Revere Life Ins. Co,* 237 F.3d 1154, 1161 (9th Cir. 2001) (holding SPD unenforceable where policy's integration clause limited entire contract to policy and applications); *Francis v. Anacomp, Inc. Accidental Death & Dismemberment Plan,* No. 10-CV-467, 2011 U.S. Dist. LEXIS 103924, 2011 WL 4102143, at *4-5 (S.D. Cal. Sept. 14, 2011) (rejecting argument that ACF was an enforceable plan document where policy purported to be fully integrated); *Hamill v. Prudential Ins. Co. of Am.,* No. 11-CV-1464, 2012 U.S. Dist.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 8
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

LEXIS 183153, at *2 (E.D.N.Y. Jan. 2, 2013) (noting importance of SPD's omission from policy's integration clause referring to "[t]he entire Group Contract")*.*

Moreover, the Certificate of Coverage has been recognized by Washington courts as the proper document to contain a choice of law provision. *See supra.*

Several courts have further made it clear that certificates of coverage, such as the Booklet-Certificate here, are plan documents. *See e.g. Bigley v. Ciber, Inc.,* No. 13-1243, 2014 U.S. App. LEXIS 12498, *12-13 (10th Cir. July 2, 2014); *Maynard v. Prudential Ins. Co. of Am.*, No. 1:12-cv- 3085, 2013 U.S. Dist. LEXIS 159648 (N.D. Ohio, Nov. 7, 2013).

Plaintiff did not– as he cannot – point to any evidence supporting that McLane Company, Inc. chose any portion of the Booklet-Certificate as the Summary Plan Description relative to its long term disability program and, as such, cannot validly set forth a choice of law provision.  Indeed, the evidence and the case law contradict his argument.  The Booklet-Certificate, per Washington law, is the proper document to contain a choice of law provision in the group insurance contract, is fully integrated in the Group Policy and, in all events, is a plan document.   As it is settled law in Washington, the choice of law provision in the Group Policy is valid and mandates application of Texas law to the Group Policy.

## C. The Question at Issue Does not Need to Be Certified to the Washington Supreme Court.

It appears based on the case law set out in this brief that the questions at issue – the scope of the Washington Insurance Code and the Validity of Choice of Law Provisions in group insurance policies are questions that have been sufficiently addressed by the Washington Supreme Court to allow for a determination in this matter. Therefore, it is Principal Life's position that this Court should not certify any question to the Washington Supreme Court.

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO
STANDARD OF REVIEW- PAGE 9
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522

### III. CONCLUSION

For all of these reasons, and the reasons set out in Principal Life's initial response brief to Plaintiff's motion for partial summary judgment, the discretionary clauses contained in the Group Policy are valid and enforceable and an arbitrary and capricious standard of review applies to this Court's review of Principal Life's determination on Plaintiff's claim for benefits. Plaintiff's motion for partial summary judgment should be denied.

DATED this 30th day of September, 2016.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By: /s/ Edna S. Kersting
   Edna S. Kersting, Illinois #6177775
   *(pro hac vice)*
   55 West Monroe Street, Suite 3800
   Chicago, IL 60603
   Tel: 312-821-6162
   Fax: 312-740-1522
   Email: edna.kersting@wilsonelser.com

INSLEE, BEST, DOEZIE & RYDER, P.S.

By: /s/ Dan S. Lossing
   Dan S. Lossing, WSBA #13570
   10900 N.E. 4th Street, Suite 1500
   Bellevue, WA 98004
   Tel: 425-455-1234
   Fax: 425-635-7720
   Email: dlossing@insleebest.com

***Attorneys for Defendant Principal Life Insurance Company***

DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DE NOVO STANDARD OF REVIEW- PAGE 10
Case No. 3:15-cv-05899-BHS

2176307v.1

Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel.: (312) 821-6162
Fax: (312) 704-1522