UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY R. FLAAEN,<br><br>                Plaintiff,<br><br>   v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C15-5899 BHS<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court on Plaintiff Anthony R. Flaaen's ("Flaaen") trial brief on the administrative record (Dkt. 33) and Defendant Principal Life Insurance Company's ("Principal") motion for judgment on the administrative record (Dkt. 34).

On May 31, 2017, the parties filed the instant motions in relation to a trial on the administrative record. Dkts. 33, 34. On July 20, 2017, the Court held a hearing allowing the parties an opportunity to provide oral argument in addition to the briefs. Dkt. 41. During oral argument, Flaaen's counsel touched on some issues of contract interpretation, such as ambiguities should be resolved in his client's favor. While this may be true in a *de novo* review, none of the briefs explicitly touch on the issues of interpreting the policy

in question. For example, one of the most significant disputes in this case is whether Principal may rely upon the median wage for a particular occupation in determining gainful employment. The policy defines gainful occupation as "Employment in which the Member could reasonably be expected to earn an amount equal to or greater than the Primary Monthly Benefit." AR 38. This is a fairly vague definition. Under an abuse of discretion standard, the Court would simply review Principal's interpretation and implementation of the language. However, under *de novo* review, the policy would seem to be subject to the general rules of contract interpretation.

Furthermore, Flaaen contends that Principal "specifically laid out requirements for a proper vocational review." Dkt. 39 at 7. It is unclear if these were actually standards used to evaluate relevant jobs and where the requirements originated from.

Therefore, the Court requests additional briefing on the issues identified herein. Parties may file simultaneous supplemental briefing by August 18, 2017 and supplemental replies by August 25, 2017. The Clerk shall renote the motions for consideration on the Court's August 25, 2017 calendar.

**IT IS SO ORDERED**.

Dated this 9th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge